## PEOPLE'S AUTO CO. v. STATE.
### (3 Div. 612.)

Court of Appeals of Alabama.   Nov. 8, 1928.

Rehearing Denied Nov. 20, 1928.

D. K. Jones, of Tuscaloosa, and Chas. O. Stokes, of Ozark, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

PER CURIAM.   The sole question presented by this record is raised by defendant's plea 2, which question requires a construction of section 18½ of Acts of the Legislature of 1927, p. 160, as follows:

"*Agents or Dealers in Automobiles.*—Upon each and every agent of and dealer in, and upon every person soliciting orders for the sale or purchase of automobiles, motor cars or other self propelling vehicles, except motor cycles, and except any person regularly employed by a said agent of or dealer in, which said agent of or dealer in has paid the privilege tax or license herein provided for, the following privilege tax or license shall be collected, to-wit: In each county having a population of twenty thousand people or less, twenty-five dollars; in each county having a population of more than twenty thousand and less than forty thousand inhabitants, fifty dollars; in each county having a population of forty thousand and less than sixty thousand inhabitants, seventy-five dollars; in each county having a population of sixty thousand and less than one hundred thousand inhabitants, one hundred dollars; in each county having a population of one hundred thousand inhabitants or more, one hundred and twenty-five dollars.   Schedule 10 of section 361 of an act to provide for the general revenue of Alabama approved Sept. 15, 1919, is hereby repealed."

The Legislature of 1915, Acts 1915, p. 489, in section 10, p. 494, as a part of the gen-

**8**

eral license law of the state, enacted and provided a section identical with section 18½ of the present law, supra, except as to the repealing clause appearing at the end thereof. Section 10 of the Act of 1915, supra, was construed by this court in Patterson v. State, 16 Ala. App. 483, 79 So. 157. The opinion in that case was prepared by Bricken, J., and concurred in by Samford, J., and Brown, P. J. This court was of the opinion then, and is still, that the construction given to the section was correct. Whether so or not, it was acquiesced in by the Attorney General and by the taxing powers of the state. In that opinion it was held that:

"Revenue Code (Acts 1915, p. 494) § 1, subsec. 10, does not require automobile dealer to take out license, paying the prescribed fee therefor, for each county in which he solicits orders for cars, but merely one state and county license, to be taken out in dealer's home county."

The opinion in the Patterson Case was rendered June 29, 1918, and with the construction there put upon it the Legislature of 1919 (Acts 1919, p. 401), dealing with the section, amended it so as to meet the decision of the court and to extend its terms so as to include other counties. There the matter rested until the Legislature of 1927 (Acts 1927, p. 139) in section 18½ of the act, at page 160, § 18½, re-enacted the section as it appeared in the act of 1915, with the construction put upon the section by this court standing as the law, and as if to give emphasis to the fact that the Legislature knew the history of the statute, a clause was added to section 18½, supra, expressly repealing Schedule 10 of section 361 of the act of 1919, which had been enacted to meet the decision in the Patterson Case.

■ It is elementary law in the construction of statutes that re-enacted statutes must receive the known, settled construction which they had received when previously of force. It must be presumed that the Legislature intended the adoption of that construction, or they would have varied the words adapting them to a different intent. To the above conclusion wrote Mr. Sutherland in his work on Statutory Construction, par. 256; and Brickell, C. J., after approving the above adds:

"The rule has been of frequent application to the Code; in its construction, uniformly, the Legislature has been presumed to have known the settled construction of statutes, of which there was a substantial re-enactment, and to have intended the adoption of such construction." Barnewall v. Murrell, 108 Ala. 366, 377, 18 So. 831, 836; O'Byrnes v. State, 51 Ala. 25; Ex parte Matthews, 52 Ala. 51; Woolsey v. Cade, 54 Ala. 378, 25 Am. Rep. 711; Huddleston v. Askey, 56 Ala. 218; Posey v. Pressley, 60 Ala. 243; E. T. V. & G. Ry. v. Bayliss,

74 Ala. 150; Galloway Coal Co. v. Stanford, 215 Ala. 79, 109 So. 377.

■ We are not impressed with the contention made by the state that the decisions of this court are not final unless reviewed by and approved by the Supreme Court. By section 7309 of the Code of 1923 the Court of Appeals is given *final appellate* jurisdiction coextensive with the state in certain matters therein named. True, section 7318 of the Code provides that the decisions of the Supreme Court shall govern the holdings and decisions of the Court of Appeals, and the decisions and proceedings of such court shall be subject to the general superintendence and control of the Supreme Court as provided in section 140 of the Constitution. But it is only in certain cases that the Supreme Court will review the decisions of this court, and only then when properly presented according to well-defined rules. Postal Tel. Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Lancaster v. State, 21 Ala. App. 140, 106 So. 609. Until a decision of this court is reviewed and reversed by the Supreme Court, in cases authorized by law and in accordance with the rules made and provided, the decisions and opinion of this court construing a statute have the force and effect of judicial construction.

The rulings of the trial court affecting the merits of the case being contrary to the foregoing opinion, and it appearing that the facts on another trial would remain the same, under which the defendant would be entitled to a judgment, it will be useless to remand this cause.

The judgment is reversed, and a judgment will here be rendered in favor of the defendant.

Reversed and rendered.