(121 So. 908)

## PEOPLE'S AUTO CO. v. STATE.
### (3 Div. 869.)

Supreme Court of Alabama.    Jan. 31, 1929.

Rehearing Denied May 2, 1929.

Charlie C. McCall, Atty. Gen., and A. A. Evans, Asst. Atty. Gen., for the State.

Chas. O. Stokes, of Ozark, and H. A. & D. K. Jones, of Tuscaloosa, opposed.

PER CURIAM. The majority of the court, consisting of SAYRE, GARDNER, BOULDIN, and FOSTER, JJ., are of opinion that the Court of Appeals properly disposed of the case and that the writ should be denied.

BROWN, J. (dissenting). This is an action of indebitatus assumpsit by the state against the People's Auto Company, to recover the amount of a license tax alleged to be due the state and the county of Dallas, on April 1, 1928, from the defendant, under the provisions of section 18½ of the Act approved July 22, 1927, entitled an "act in reference to and to further provide for the general revenue of the State of Alabama."

The case was submitted to the circuit court as an agreed case. The defendant paid the tax in Montgomery county, and a license to engage in business was duly issued to it, and under this license extended its activities into the county of Dallas, without paying the tax and taking out a license therein. The circuit court ruled that it was liable for the amount of the privilege tax for engaging in business in Dallas county, and entered a judgment in favor of the plaintiff. The Court of Appeals, on the authority of Patterson v. State, 16 Ala. App. 483, 79 So. 157, held that judgment to be erroneous. If the defendant is liable, the remedy pursued is the correct one. Anniston v. Southern Ry. Co., 112 Ala. 557, 20 So. 915; State v. Fleming, 112 Ala. 179, 20 So. 846; 5 C. J. 1380, § 5.

The language of the statute is: "Upon each and every agent of and dealer in, and upon

every person soliciting orders for the sale or purchase of automobiles, motor cars or other self propelling vehicles, except motorcycles, *and except any person regularly employed by a said agent of or dealer in, which said agent of or dealer in has paid the privilege tax or license herein provided for*, the following privilege tax or license shall be collected, to-wit: *In each county* having a population of twenty thousand people or less, twenty-five dollars; *in each county* having a population of more than twenty thousand and less than forty thousand inhabitants, fifty dollars; *in each county* having a population of forty thousand and less than sixty thousand inhabitants, seventy-five dollars; *in each county* having a population of sixty thousand and less than one hundred thousand inhabitants, one hundred dollars; *in each county* having a population of one hundred thousand inhabitants or more, one hundred and twenty-five dollars: Schedule 10 of Section 361 of an Act to provide for the general revenue of Alabama approved Sept. 15, 1919, is hereby repealed."

Schedule 10 of section 361 of the Act of 1919 was a re-enactment of section 1, subd. 10, p. 494, of the Act approved September 14, 1915, in the exact language of section 18½, above quoted, with the following proviso added thereto: *"But such license shall not authorize such agent or dealer to do business in any other county than that in which the license is issued.* Provided, however, that if such agent or dealer shall do business in any other county than that in which is located his principal place of business, he shall pay one-half of the license required of such dealers in such county in addition." Acts 1919, schedule 10, p. 401.

Section 10 of the Act of 1915 was construed by the Court of Appeals in Patterson v. State, 16 Ala. App. 483, 79 So. 157, not to require the taking out of a license in each and every county in which the licensee solicited and took orders for the sale of automobiles, and the defendant's contention is that, in the subsequent re-enactment of this statute without change in the verbiage, it must be presumed that the Legislature adopted the construction placed upon it by the decision in Patterson's Case, supra, and that this presumption is strengthened by the express repeal of the same statute carrying the quoted provisions, which were added to meet the decision in that case.

While the construction placed upon a statute of doubtful meaning, by inferior courts and by executive officers whose duty it is to enforce it, long acquiesced in, where the adoption of a different construction would result in great mischief or disturb vested rights, will generally be upheld, the rule is limited to statutes of doubtful meaning. 36 Cyc. 1141–1143, and cases cited.

For reasons apparent, and now stated, we are of opinion that this rule, though of some weight, is not conclusive.

In Patterson's Case, the court quoted with approval the rule that, "In construing a statute regard must be had to the whole act, for it frequently happens that the meaning of one clause is shown by another that is not stated in connection with it. The object being to ascertain the framer's intention in the use of the language he employs, that intention is oftentimes more certainly learned by comparing one clause with another and noting their correspondences and differences." Lehman-Durr v. Robinson, 59 Ala. 219; Gernert v. Limbach, 163 Ala. 413, 50 So. 905.

While the general purpose of the present statute is the same as its predecessors, "to further provide for the general revenue of the State," it is much broader in its scope, and, in levying the tax, the act, as units of classification respecting the territory to be covered by the license, in some instances makes the state the unit, in others the county, in others cities and towns, and in others a designated territory adjacent to cities and towns. And, as a basis for a just and reasonable classification graduating the levy, the amount of business transacted for the year, or for the year previous, is adopted, and in others the population of the county, city, or town.

From these classifications it would seem the legislative intent is clear that, where the state is adopted as the unit of territory covered by the license, the grant of a license under such clause carries the privilege of transacting business in that territory, and, where the county, city, or town, or adjacent territory is adopted as the unit of classification, this circumscribes the territory within which the privilege granted may be exercised.

Another reason that is entitled to consideration is that the succeeding Legislature, by adopting the proviso of the act of 1919, did not acquiesce in the interpretation given the act of 1915 in the Patterson Case, but in effect repudiated it.

Construing section 18½ of the act under consideration in the light of the whole act and its general purpose, we hold that it was the legislative purpose and intent to limit the privilege granted by a license issued, under that section to the county wherein the license was granted.

ANDERSON, C. J., and THOMAS, J., concur in the foregoing.