19 So.2d 601

Ex parte CITY OF RUSSELLVILLE.

GLADNEY v. CITY OF RUSSELLVILLE.

8 Div. 381.

Supreme Court of Alabama.

Nov. 1, 1944.

LIVINGSTON, Justice.

Response to inquiry by the Court of Appeals.

Pursuant to section 88, Title 13, Code of 1940, the Court of Appeals certified to this Court the foregoing inquiry.

The bond filed in the Law and Equity Court of Franklin County is in words and figures as follows:

"We, B. F. Gladney, principal and the undersigned sureties agree to pay the city of Russellville, Alabama, two hundred dollars unless the said B. F. Gladney appear in the Law and Equity Court of Franklin County, from term to term, to await the action and abide the judgment of the Court of Appeals of Alabama; an appeal having been taken from a conviction in the said Law and Equity Court for the offense of operating taxicab without license and liability insurance in said city of Russellville, Alabama, a municipal corporation. And we hereby waive, as against this bond, all right and claim to exemption which we or either of us have now or may hereafter have under the Constitution and laws of Alabama.

"(Signed)  B. F. Gladney, L.S.
              R. C. Hester,  L.S.
              J. L. Allen,    L.S.
              M. D. Jackson, L.S.

"We, the undersigned hereby approve the foregoing as good and sufficient appeal bond. This October 16, 1942.

              "C. E. McNatt,
      "Clerk Law and Equity Court.
           "R. C. Kimbrough,
   "Chief of Police of City of
        Russellville.
"Filed October 16, 1942.
   C. E. McNatt, Clerk."

Section 587, Title 37, Code of 1940, provides for an appeal from the recorder's court to the circuit court or court of like jurisdiction.

Section 593, Title 37, Code of 1940, reads as follows: "593. Appeal to supreme court.—From the judgment of said circuit court or other court of like jurisdiction, the city, in a case involving the validity of an ordinance, or the defendant in any case, may appeal to the supreme court of the state; and if the appeal is taken by the town or city, it shall give security for the costs of appeal. When taken by a defendant, he may give bail with sufficient sureties, conditioned that he will appear and abide the judgment of the appellate court, and failing to give bail, he must be committed to the town or city jail; but may give such bail at any time pending the appeal. When the appeal is taken by the defendant and bail is given pending the appeal, and the judgment of conviction is affirmed or the appeal is dismissed, the defendant is bound by the undertaking of bail to surrender himself to the town marshal or chief of police of the city within fifteen days from the date of such affirmance or dismissal, and if he shall fail to do so, the clerk of the court from which the appeal is taken, upon motion of the city, must endorse the bail bond forfeited, and a writ of arrest must be issued by such clerk to the sheriff, and if not executed another must be issued, and so on until the defendant is arrested, and upon arrest he shall be delivered to the chief marshal or chief of police and the sentence must, without delay, be carried out as if no appeal had been taken; and whenever an undertaking of bail is forfeited as herein provided, a conditional judgment must be rendered by the court in favor of the city and the same proceedings had thereon for the city as is authorized by law to be had in the name of the state for the use of the county in state cases."

The last sentence of the foregoing section was added by amendment to section 1943, Code of 1923, in 1935. See, General Acts 1935, page 1101.

Section 212, Title 15, Code of 1940, provides: "212. Undertaking of bail; essence of, and when forfeited.—The essence of all undertakings of bail, whether upon a warrant, writ of arrest, suspension of judgment, writ of error, or in any other case, is the appearance of the defendant at court; and the undertaking is forfeited by

the failure of the defendant to appear, although the offense, judgment, or other matter is incorrectly described in such undertaking, the particular case or matter to which the undertaking is applicable being made to appear to the court."

The essence of the undertaking or bond involved in the inquiry is the appearance of the defendant at court. When, as here, an appeal is taken by the defendant and bail is given pending the appeal, and the appeal is dismissed, the defendant is bound by the undertaking of bail to surrender himself to the town marshal or chief of police of the city within fifteen days from the date of such dismissal, and if he should fail to do so, the clerk of the court from which the appeal is taken, upon motion of the city, must endorse the bail bond forfeited, and issue to the sheriff a writ for the arrest of the defendant. And whenever such an undertaking of bail is forfeited, a conditional judgment must be rendered by the court in favor of the city against the parties to the undertaking for the sum therein expressed. Section 593, Title 37, supra, and section 213, Title 15, Code of 1940.

There is no provision of law for the rendition of a judgment against the sureties for fine and costs of court on account of the failure of defendant to appear. The proper procedure is to declare a forfeiture of the bond. Authorities, supra.

The undertaking of bail herein above set out does not bind the sureties to pay any of the items set out in the inquiry and numbered 1 to 4, inclusive, and of course a judgment, with right of execution, cannot be rendered by the Court of Appeals for their collection against the sureties.

GARDNER, C. J., and FOSTER, STAKELY, and SIMPSON, JJ., concur.

THOMAS and BROWN, JJ., dissent as indicated.

Response to Inquiry by Court of Appeals by THOMAS and BROWN, Justices.

In Ex parte Tillery (Elliott v. City of Tuscaloosa), 22 Ala.App. 193, 114 So. 15, opinion rendered on August 2, 1927, the Court of Appeals construing Section 1943, Code 1923, held that the sureties on an appeal bond of a defendant convicted of the violation of a city ordinance were liable for the costs of the appeal where the appeal was dismissed, observing: "Section 1943 of the Code of 1923 provides that a defendant may appeal to this court from a judgment of conviction in the circuit court and 'may give bail, with sufficient sureties, conditioned that he will appear and abide the judgment of the appellate court [etc.].' The record in the case of Percy Elliott v. City of Tuscaloosa, supra [21 Ala.App. 669, 106 So. 916], shows that this was done in that case, and that petitioner was one of the sureties on said Elliott's bond. Elliott, the appellant in that case, has not 'abided the judgment of this court' until the costs on his appeal for which judgment was rendered are paid. Hence petitioner is bound."

Said section of the Code was re-enacted in its exact verbiage by the Acts of 1935, adding as an amendment thereto the following: "When the appeal is taken by the defendant and bail is given pending the appeal, and the judgment of conviction is affirmed or the appeal is dismissed, the defendant is bound by the undertaking of bail to surrender himself to the town marshall or chief of police of the city within fifteen days from the date of such affirmance or dismissal, and if he shall fail to do so, the clerk of the court from which the appeal is taken, upon motion of the city, must endorse the bail bond forfeited, and a writ of arrest must be issued by such clerk to the sheriff, and if not executed another must be issued, and so on until the defendant is arrested, and upon arrest he shall be delivered to the chief marshall or chief of police and the sentence must, without delay, be carried out as if no appeal had been taken; and whenever an undertaking of bail is forfeited as herein provided, a conditional judgment must be rendered by the court in favor of the city and the same proceedings had thereon for the city as is authorized by law to be had in the name of the State for the use of the County in state cases."

Said section as amended was carried into the Code of 1940 as Section 593, Tit. 37. It is a familiar rule of statutory interpretation that the re-enactment of a statute which has been judicially construed is an adoption of the construction unless a contrary intent clearly appears. This rule is supported by numerous authorities cited in 18 Alabama Digest Statutes, ⌖225¾, p. 132. This court in People's Auto Company v. State, 219 Ala. 280, 121 So. 908, applied the rule to a judicial interpretation made by the Court of Appeals. See Patterson v. State, 16 Ala.App. 483, 79 So. 157. There is nothing in that part of the present statute

added by amendment that clearly shows a legislative intent not to adopt the amendment with said judicial interpretation as expressed by the Court of Appeals.

Our conclusion, therefore, is that certified questions 3 and 4 should be answered in the affirmative. Certified questions 1 and 2 are answered in the negative. The judgment for the fine and costs assessed and accruing in the law and equity court are to be enforced and collected as provided in that part of the statute that was added by amendment if the defendant is in custody, or by a forfeiture on the bond in case he fails to appear; and the judgment for the costs accrued in the circuit court should be enforced as provided by Section 592, Tit. 37, Code 1940.