19 So.2d 604

Ex parte **CITY OF RUSSELLVILLE.**

**GLADNEY v. CITY OF RUSSELLVILLE.**

8 Div. 381.

*Court of Appeals of Alabama.*

Nov. 7, 1944.

J. Foy Guin, of Russellville, for movant.

CARR, Judge.

On January 20th, 1944, this court dismissed for want of prosecution the case of B. F. Gladney v. City of Russellville, 17 So.2d 185,[1] taxing the costs in the lower court and the costs incident to the appeal to this court against appellant, Gladney, but not the sureties on his appeal bond to the Court of Appeals.

The matter is again before us on motion of the City of Russellville requesting this court to amend the judgment of dismissal so as to include therein a judgment also against the sureties on appellant's appeal bond for the above cost items and others stated in the motion.

The judges of this court were unable to reach an unanimous conclusion on the merits of the motion, and, as privileged by law, the following certification was made to the Supreme Court:

"B. F. Gladney was convicted in the Recorder's Court of Russellville, Alabama, for the violation of a city ordinance. From this judgment of conviction he appealed to the Law and Equity Court of Franklin County. From a judgment of conviction in the latter court he appealed to this court, filing the necessary appeal bond, with sureties.

"The transcript of the proceedings in the nisi prius court was prepared but never filed with the Clerk of the Court of Appeals. The appeal in this court was dismissed for want of prosecution and the costs in the lower court and the costs incident to the appeal in this court were taxed against appellant, but not the sureties on his appeal bond.

"Attorney for appellee by a motion filed in the cause requests: 'the Court of Appeals to amend. the judgment of dismissal entered by it herein under date of the 20th day of January, 1944, nunc pro tunc, so as to incorporate therein a judgment, with right of execution, against the sureties on appellant's appeal bond * * * for the following stated separate and several items, to-wit:

" '1. The fine of $40.00 assessed by the Law & Equity court against the defendant B. F. Gladney, appellant herein, together with interest thereon from October 13,

[1] Post, p. 665.

1942, the date of the judgment of the Law & Equity court.

" '2. The costs of prosecution accrued in the Law & Equity court prior to the appeal to this court, in the total sum of $16.35.

" '3. The costs of appeal accrued in the Law & Equity court, on the appeal to this court, in the total sum of $46.60.

" '4. The costs of the appeal to this court, accrued in this court, including the costs on this motion.'

"In support of the motion appellees submits the certificate of the Clerk of the Law & Equity Court and the transcript of the proceedings on the trial of the cause.

"This motion is now pending in the Court of Appeals.

"In connection with the question involved I call your attention to Ex parte Tillery, 22 Ala.App. 193, 114 So. 15.

"The Judges of the Court of Appeals being unable to reach an unanimous conclusion on the merits of the motion, under authority of Title 13, Section 88, Ala.Code 1940, I hereby certify the following questions:

"On an appeal to the Court of Appeals from a conviction for the violation of a city ordinance, does the undertaking of the sureties on the appeal bond to this court bind them to pay the fine or costs in any or all of the items enumerated in the motion under inquiry and which are set out above, 1 to 4 inclusive?"

In response to the foregoing certification the Supreme Court replied:

"Livingston, Justice:

"Response to inquiry by the Court of Appeals.

"Pursuant to section 88, Title 13, Code of 1940, the Court of Appeals certified to this Court the foregoing inquiry.

"The bond filed in the Law and Equity Court of Franklin County is in words and figures as follows:

" 'We, B. F. Gladney, principal and the undersigned sureties agree to pay the city of Russellville, Alabama, two hundred dollars unless the said B. F. Gladney appear in the Law and Equity Court of Franklin County, from term to term, to await the action and abide the judgment of the Court of Appeals of Alabama; an appeal having been taken from a conviction in the said Law and Equity Court for the offense of operating taxicab without license and liability insurance in said city of Russellville, Alabama, a municipal corporation. And we hereby waive, as against this bond, all right and claim to exemption which we or either of us have now or may hereafter have under the Constitution and laws of Alabama.

" '(Signed)  B. F. Gladney, L.S.
R. C. Hester, L.S.
J. L. Allen, L.S.
M. D. Jackson, L.S.

" 'We, the undersigned hereby approve the foregoing as good and sufficient appeal bond. This October 16, 1942.

" 'C. E. McNatt,
" 'Clerk Law and Equity Court.
" 'R. C. Kimbrough,
" 'Chief of Police of City of Russellville.

" 'Filed October 16, 1942.
" 'C. E. McNatt, Clerk.'

"Section 587, Title 37, Code of 1940, provides for an appeal from the recorder's court to the circuit court or court of like jurisdiction.

"Section 593, Title 37, Code of 1940, reads as follows: '593. Appeal to supreme court.—From the judgment of said circuit court or other court of like jurisdiction, the city, in a case involving the validity of an ordinance, or the defendant in any case, may appeal to the supreme court of the state; and if the appeal is taken by the town or city, it shall give security for the costs of appeal. When taken by a defendant, he may give bail with sufficient sureties, conditioned that he will appear and abide the judgment of the appellate court, and failing to give bail, he must be committed to the town or city jail; but may give such bail at any time pending the appeal. When the appeal is taken by the defendant and bail is given pending the appeal, and the judgment of conviction is affirmed or the appeal is dismissed, the defendant is bound by the undertaking of bail to surrender himself to the town marshal or chief of police of the city within fifteen days from the date of such affirmance or dismissal, and if he shall fail to do so, the clerk of the court from which the appeal is taken, upon motion of the city, must endorse the bail bond forfeited, and a writ of arrest must be issued by such clerk to the sheriff, and if not executed another must be issued, and so on until the defendant is arrested,

and upon arrest he shall be delivered to the chief marshal or chief of police and the sentence must, without delay, be carried out as if no appeal had been taken; and whenever an undertaking of bail is forfeited as herein provided, a conditional judgment must be rendered by the court in favor of the city and the same proceedings had thereon for the city as is authorized by law to be had in the name of the state for the use of the county in state cases.'

"The last sentence of the foregoing section was added by amendment to section 1943, Code of 1923, in 1935. See General Acts 1935, page 1101.

"Section 212, Title 15, Code of 1940, provides: '212. Undertaking of bail; essence of, and when forfeited.—The essence of all undertakings of bail, whether upon a warrant, writ of arrest, suspension of judgment, writ of error, or in any other case, is the appearance of the defendant at court; and the undertaking is forfeited by the failure of the defendant to appear, although the offense, judgment, or other matter is incorrectly described in such undertaking, the particular case or matter to which the undertaking is applicable being made to appear to the court.'

"The essence of the undertaking or bond involved in the inquiry is the appearance of the defendant at court. When, as here, an appeal is taken by the defendant and bail is given pending the appeal, and the appeal is dismissed, the defendant is bound by the undertaking of bail to surrender himself to the town marshal or chief of police of the city within fifteen days from the date of such dismissal, and if he should fail to do so, the clerk of the court from which the appeal is taken, upon motion of the city, must endorse the bail bond forfeited, and issue to the sheriff a writ for the arrest of the defendant. And whenever such an undertaking of bail is forfeited, a conditional judgment must be rendered by the court in favor of the city against the parties to the undertaking for the sum therein expressed. Section 593, Title 37, supra, and section 213, Title 15, Code of 1940.

"There is no provision of law for the rendition of a judgment against the sureties for fine and costs of court on account of the failure of defendant to appear. The proper procedure is to declare a forfeiture of the bond. Authorities, supra.

"The undertaking of bail herein above set out does not bind the sureties to pay any of the items set out in the inquiry and numbered one to four, inclusive, and of course a judgment, with right of execution, cannot be rendered by the Court of Appeals for their collection against the sureties.

"Gardner, C. J., Foster, Stakely and Simpson, JJ., concur.

"Thomas and Brown, JJ., dissent as indicated.

"Response to Inquiry by Court of Appeals by Thomas and Brown, Justices.

"In Ex parte Tillery (Elliott v. City of Tuscaloosa), 22 Ala.App. 193, 114 So. 15, opinion rendered on August 2, 1927, the Court of Appeals construing Section 1943, Code 1923, held that the sureties on an appeal bond of a defendant convicted of the violation of a city ordinance were liable for the costs of the appeal where the appeal was dismissed, observing: 'Section 1943 of the Code of 1923 provides that a defendant may appeal to this court from a judgment of conviction in the circuit court and "may give bail, with sufficient sureties, conditioned that he will appear and abide the judgment of the appellate court (etc.)." The record in the case of Percy Elliott v. City of Tuscaloosa, supra, [21 Ala.App. 669, 106 So. 916], shows that this was done in that case, and that petitioner was one of the sureties on said Elliott's bond. Elliott, the appellant in that case, has not "abided the judgment of this court" until the costs on his appeal for which judgment was rendered are paid. Hence petitioner is bound.'

"Said section of the code was reenacted in its exact verbiage by the Acts of 1935, adding as an amendment thereto the following: 'When the appeal is taken by the defendant and bail is given pending the appeal, and the judgment of conviction is affirmed or the appeal is dismissed, the defendant is bound by the undertaking of bail to surrender himself to the town marshal or chief of police of the city within fifteen days from the date of such affirmance or dismissal, and if he shall fail to do so, the clerk of the court from which the appeal is taken, upon motion of the city, must endorse the bail bond forfeited, and a writ of arrest must be issued by such clerk

to the sheriff, and if not executed another must be issued, and so on until the defendant is arrested, and upon arrest he shall be delivered to the chief marshal or chief of police and the sentence must, without delay, be carried out as if no appeal had been taken; and whenever an undertaking of bail is forfeited as herein provided, a conditional judgment must be rendered by the court in favor of the city and the same proceedings had thereon for the city as is authorized by law to be had in the name of the State for the use of the County in state cases.'

"Said section as amended was carried into the Code of 1940 as Section 593, Tit. 37. It is a familiar rule of statutory interpretation that the reenactment of a statute which has been judicially construed is an adoption of the construction unless a contrary intent clearly appears. This rule is supported by numerous authorities cited in 18 Alabama Digest, Statutes, ☞225¾, p. 132. This court in People's Auto Company v. State, 219 Ala. 280, 121 So. 908, applied the rule to a judicial interpretation made by the Court of Appeals. See Patterson v. State, 16 Ala.App. 483, 79 So. 157. There is nothing in that part of the present statute added by amendment that clearly shows a legislative intent not to adopt the amendment with said judicial interpretation as expressed by the Court of Appeals.

"Our conclusion, therefore, is that certified questions 3 and 4 should be answered in the affirmative. Certified questions 1 and 2 are answered in the negative. The judgment for the fine and costs assessed and accruing in the law and equity court are to be enforced and collected as provided in that part of the statute that was added by amendment if the defendant is in custody, or by a forfeiture on the bond in case he fails to appear; and the judgment for the costs accrued in the circuit court should be enforced as provided by Section 592, Tit. 37, Code 1940."

For the purpose of clarity and information, and in order that the conclusions of the Supreme Court may be completely disclosed, we have herein above set out also the dissenting opinion. We are, of course, governed by the law as expressed in the opinion of the majority members of the court.

It follows, therefore, that the motion is due to be denied, and it is so ordered.

Motion denied.