On October 23, 1984, the Alabama Court of Criminal Appeals announced its decision in Alexander v. State, 475 So.2d 625
(Ala.Crim.App. 1984), which, contrary to prior holdings of that court, held that the failure of an inmate on a work release program to return to his place of employment constitutes escape from custody under § 13A-10-31, Code of Alabama (1975).
We granted Alexander's petition for certiorari; he argued that the new interpretation of the escape statute, adopted for the first time by the Court of Criminal Appeals, deprived him of due process if retroactively applied to him. This Court did not disturb the Court of Criminal Appeals' interpretation of the escape statute, viz., that the word "custody" in the statute encompassed confinement in a work release program. This Court held only that it would violate Alexander's constitutional right to due process to apply this new interpretation retroactively so as to govern his case. For this reason, the judgment of the Court of Criminal Appeals was reversed and the cause remanded. Ex parte Alexander,475 So.2d 628 (Ala. 1985) (released July 12, 1985).
In December 1984, after the decision of the Court of Criminal Appeals in Alexander v. State was announced, but before this Court released its decision in Ex parte Alexander, Mr. Grantham, the petitioner in this case, absconded from a supervised intensive restitution (S.I.R.) program. He was charged with and convicted of escape in the third degree in violation of § 13A-10-33, Code of Alabama (1975). He appealed, and the Court of Criminal Appeals reversed his conviction, holding that the decision of the Court of Criminal Appeals inAlexander was not "the law" until July 12, 1985, when this Court issued its opinion in that case. We granted the State's petition for writ of certiorari. We reverse.
What was the state of the law in December 1985 when Mr. Grantham absconded from the S.I.R. program? Rule 41, A.R. App.P., provides that "the timely filing of a petition for certiorari in the supreme court shall stay the issuance of the certificate of judgment by the courts of appeals, which stay shall continue until the final disposition by the supreme court." Also, a judgment is not final until the certificate of judgment is issued.
While Rule 41 stays the issuance of the certificate of judgment, and postpones the final judgment between the parties, it does not prevent a decision of the Court of Criminal Appeals from having precedential value while the case is pending for review in this Court. Ignorance of the *Page 781 
law is no excuse, and citizens are deemed to have constructive knowledge of the law. Therefore, Mr. Grantham is deemed to have had constructive knowledge of the law as announced on October 23, 1984, by the Court of Criminal Appeals in Alexander v.State, supra.
Judge Bowen, in dissent, correctly interpreted Rule 41 as it applies to this case, and we adopt it as this Court's opinion.
 "I dissent. Our decision changing the definition of 'custody' in Alexander v. State, 475 So.2d 625
(Ala.Cr.App. 1984), reversed in part, Ex parte Alexander, 475 So.2d 628 (Ala. 1985), became 'the law' on October 23, 1984, when the opinion was issued and it remained 'the law' up through the time that it was reversed, in part, on July 12, 1985, by the Alabama Supreme Court.
 "The fact that in October of 1984 the judgment was not 'final' as to Mr. Alexander because he petitioned for a writ of certiorari and the Rule 41(b) certificate of judgment did not issue until July of 1985, has absolutely no bearing on whether, in December of 1984 when Mr. Grantham absconded, the judgment of this Court was 'final' for purposes of constructive notice to him of the provisions of the escape statute.
 " 'In determining whether a judgment is "final," no hard and fast definition or test applicable to all situations can be given, since finality depends somewhat on the purpose for which, and the standpoint from which the judgment is being considered, and it may be final for one purpose and not for another.' 49 C.J.S., Judgments § 11 at 35 (1947).
 "A rule 41 certificate of judgment involves finality between the parties to an appeal. The rule contemplates the protection and convenience of the parties to the litigation and does not address itself to the effect of the decision on non-parties. See Rule 41, A.R.A.P. (Committee Comments) ('the rule makes specific provision for relief to be granted to parties' and it 'envisions the use of bonds or other matters . . . to preserve the rights of the parties'). Because it deals with finality between the parties to an appeal, Rule 41 does have a jurisdictional component. See Pratte v. State, 465 So.2d [483] at 484 [Ala.Cr.App. 1985]. However, neither Rule 41 nor Pratte should be read to imply that a decision of this Court has no precedential value while it is pending for review in the Alabama Supreme Court or until a certificate of judgment has issued.
 " 'Until a decision of this court is reviewed and reversed by the Supreme Court, in cases authorized by law and in accordance with the rules made and provided, the decisions and opinion of this court construing a statute have the force and effect of judicial construction.' People's Auto Co. v. State, 23 Ala. App. 7, 8, 121 So. 907 (1928), cert. denied, 219 Ala. 280, 121 So. 908 (1929). This principle is part of the foundation of our system of jurisprudence:
 " 'While the law is and should be ever in progression towards perfection its application should be as immutable as the law of gravitation until a change has been effected therein either by constitutional amendment, by legislation or by judicial interpretation.
". . . .
 " 'Hence, the rule of stare decisis has long been recognized as the bulwark of American jurisprudence, and unless it is adhered to in this instance what was [the crime of escape under our decision in Alexander v. State] would now [be no crime].
 " 'Such a ruling would do violence to our time-honored tradition of trial courts' reliance on judicial opinions for guidance and freedom from error. It would place the mark of condemnation upon the trial judge who in the exercise of his bounden duty looked to the decisions of the appellate court for guidance.' State v. Stout, 90 Okla. Cr. 35, 210 P.2d 199, 203 (1949).
 "When Grantham absconded from the SIR program, he was subject to prosecution under the law of escape as it stood at the time of his offense. He, like all other citizens, was charged with constructive knowledge of the judicial construction *Page 782 
placed on the escape statutes by this court's opinion in Alexander v. State. The fact that some seven months later the Alabama Supreme Court ruled that Alexander v. State was to be applied prospectively affected Mr. Alexander but not Mr. Grantham. Alexander had no notice, at the time he escaped, that a new rule might apply to him; Grantham did. The Supreme Court's prospectivity holding necessarily relates to the effective date of the change in the law wrought by this Court in Alexander v. State, i.e., October 23, 1984. This is the only logical conclusion as the Supreme Court specifically declined to reach the definition of custody issue: 'We are not to be interpreted as either agreeing or disagreeing with the construction given to Code 1975, § 13A-10-31, by the Court of Criminal Appeals, as we have not reached that issue.' Ex parte Alexander, 475 So.2d at 630."
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES, ALMON, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.