I respectfully dissent because the Legislature has reenacted § 25-4-95, Ala. Code 1975, without material change,[2]
1995 Ala. Act No. 95-311, p. 582, § 2, p. 608, since Director of StateDep't of Indus. Relations v. Nolin, 374 So.2d 903 (Ala.Civ.App. 1979), Cruce v. Demarco Concrete Block Co. and State of AlabamaDep't of Indus. Relations, 380 So.2d 900 (Ala.Civ.App. 1980), and Security Engineers, Inc. v. Anderson, 421 So.2d 1298
(Ala.Civ.App. 1982), were decided and has thereby manifested legislative intent in accord with the holdings of those cases that the requirementsof § 25-4-95 are jurisdictional. See Hamm v.Harrigan, 278 Ala. 372, 383, 178 So.2d 529, 540 (1965) ("[W]here a statute has been construed, and is reenacted without material change, such construction must be accepted as part of the statute.").
I recognize that in 1927 this Court said, "Nor does the doctrine that when a statute had been readopted without change, and which had previously received a well-known interpretation by this court, apply to the decisions of an inferior or intermediate court." Rea v. Keller, 215 Ala. 672, 673, 112 So. 211, 212
(1927). However, in 1928 the Court of Appeals stated
 "It is elementary law in the construction of statutes that re-enacted statutes must receive the known, settled construction which they had received when previously of force. It must be presumed that the Legislature intended the adoption of that construction, or they would have varied the words adapting them to a different intent. . . .
 "We are not impressed with the contention made by the state that the decisions of this court are not final unless reviewed by and approved by the Supreme Court. By section 7309 of the *Page 166 
Code of 1923 the Court of Appeals is given final appellate jurisdiction coextensive with the state in certain matters therein named. True, section 7318 of Code provides that the decisions of the Supreme Court shall govern the holdings and decisions of the Court of Appeals, and the decisions and proceedings of such court shall be subject to the Supreme Court as provided in section 140 of the Constitution. But it is only in certain cases that the Supreme Court will review the decisions of this court, and only then when properly presented according to well-defined rules. Postal Tel. Co. v. Minderhout, 195 Ala. 420, 71 So. 91; Lancaster v. State, 21 Ala. App. 140, 106 So. 609. Until a decision of this court is reviewed and reversed by the Supreme Court, in cases authorized by law and in accordance with the rules made and provided, the decisions and opinion of this court construing a statute have the force and effect of judicial construction." (Emphasis in original.)
People's Auto Co. v. State, 23 Ala. App. 7, 8, 121 So. 907, 908
(1928), cert. denied, 219 Ala. 280, 121 So. 908 (1929). And in 1988 Justice Shores, speaking for this Court, adopted the dissent of Judge Bowen in a case from his court on certiorari review by the Supreme Court:
 "`"Until a decision of this court is reviewed and reversed by the Supreme Court, in cases authorized by law and in accordance with the rules made and provided, the decisions and opinion of this court construing a statute have the force and effect of judicial construction." People's Auto Co. v. State, 23 Ala. App. 7, 8, 121 So. 907 (1928), cert. denied, 219 Ala. 280, 121 So. 908 (1929). This principle is part of the foundation of our system of jurisprudence:
 "`"While the law is and should be ever in progression towards perfection its application should be as immutable as the law of gravitation until a change has been effected either by constitutional amendment, by legislation or by judicial interpretation.
"`. . . .
 "`"Hence, the rule of stare decisis has long been recognized as the bulwark of American jurisprudence, and unless it is adhered to in this instance what was [the crime of escape under our decision in Alexander v. State] would now [be no crime].
 "`"Such a ruling would do violence to our time-honored tradition of trial courts' reliance on judicial opinions for guidance and freedom from error. It would place the mark of condemnation upon the trial judge who in the exercise of bounden duty looked to the decisions of the appellate court for guidance." State v. Stout, 90 Okla. Cr. 35, 210 P.2d 199, 203
(1949).'"
Ex parte Grantham, 540 So.2d 779, 781 (Ala. 1988) (quoting the dissent of Judge Bowen in Grantham v. State, 540 So.2d 775, 779
(Ala.Crim.App. 1987)).
The Court of Civil Appeals has "exclusive appellate jurisdiction of . . . all appeals from administrative agencies other than the Alabama Public Service Commission. . . ." § 12-3-10, Ala. Code 1975. Thus appeals from final judgments in unemployment compensation cases are within the "exclusive appellate jurisdiction" of the Court of Civil Appeals. §§ 12-3-10 and41-22-21. See also Ex parte Varner, 571 So.2d 1108 (Ala. 1990). Therefore, the Court of Civil Appeals decisions in Nolin, Cruce, and Security Engineers, Inc., supra, had the force and effect of judicial construction when the Legislature reenacted § 25-4-95, without material change, in 1995. Accordingly, the Court of Civil *Page 167 
Appeals' pre-1995 construction of § 25-4-95 must be accepted as part of the statute.
Because the requirements of § 25-4-95, as judicially construed and legislatively reenacted, are jurisdictional, the Court of Civil Appeals was right in holding that the Circuit Court of Jefferson County, the only circuit court where an appeal was timely filed, lacked jurisdiction. We should affirm.
ENGLAND, J., concurs.
[2] Act No. 95-311 allowed the appellant 30 days instead of 10 days for the filing of an appeal but maintained the same restrictions on the location where the appeal must be filed.