PER CURIAM.
Margaret Ann Harrison (“the wife”) appeals from a June 25, 2015, order of the Winston Circuit Court (“the trial court”) declaring valid the prenuptial agreement entered into between the wife and Boyde Jerome Harrison (“the husband”). Because this appeal is from a nonfinal order, we remand the ease for the trial court to enter an order certifying the June 25, 2015, order as final pursuant to Rule 54(b), Ala. R. Civ. P., if, in its discretion, the trial court determines that such a certification is appropriate.
On August 18, 2011, the wife filed a complaint for a divorce in the trial court. On August 30, 2011, the husband filed his answer and asserted various affirmative defenses and a counterclaim for a divorce. In his answer and counterclaim, the husband asserted that the parties had entered into a prenuptial agreement on December 11,1985, which, he asserted, controlled the division of assets and debts in the divorce proceeding.
On September 12, 2011, the wife filed an answer to the husband’s counterclaim in which she asserted that the parties’ prenuptial agreement had been voided on May 22, 2010. On August 7, 2013, the husband filed a motion to bifurcate the issue of the validity of the prenuptial agreement from the divorce trial, which was granted. On April 11, 2014, the husband filed a “motion for a judgment as a matter of law” pursuant to “Rule 50(a),” but it does not appear that the trial court ruled on that motion.[1]
*586 On June 25, 2015, after a hearing regarding the validity of the prenuptial agreement, the trial court entered an order finding the parties’ prenuptial agreement to be valid. On July 23, 2015, the wife filed a motion to alter, amend, or vacate the trial court’s order. On October 5, 2015, the trial court entered an order denying the wife’s motion. On November 4, 2015, the wife filed her notice of appeal to this court.
On appeal, the wife challenges the trial court’s order validating the parties’ prenuptial agreement. As an initial matter, we must determine whether this court has jurisdiction.
“ ‘This court has appellate jurisdiction over appeals from judgments that are final. § 12-22-2, Ala.Code 1975.’ Perry v. Perry, 92 So.3d 799, 800 (Ala.Civ.App. 2012). ‘ “[T]he question whether a judgment is final is a jurisdictional question.” Johnson v. Johnson, 835 So.2d 1032, 1034 (Ala.Civ.App.2002). “A final judgment is one that disposes of all the claims and controversies between the parties.” Heaston v. Nabors, 889 So.2d 588, 590 (Ala.Civ.App.2004).’ Decker v. Decker, 984 So.2d 1216, 1219 (Ala.Civ.App.2007).”
Burkhalter v. Burkhalter, 98 So.3d 554, 555 (Ala.Civ.App.2012).
In Williams v. Williams, [Ms. 2130615, Nov. 14, 2014] — So.3d —, —(Ala.Civ.App.2014), the trial judge entered an order pursuant to Rule 54(b) certifying as final an otherwise interlocutory partial-summary-judgment order finding a prenuptial agreement to be valid.[2] This court held that the trial court’s Rule 54(b) certification as to the partial-summary-judgment order concerning the validity of the prenuptial agreement was appropriate. See also Robinson v. Robinson, 64 So.3d 1067 (Ala.Civ.App.2010)(determining that this court had jurisdiction to consider an appeal from an order declaring an ante-nuptial agreement invalid when trial judge had certified the order as final under Rule 54(b)).
In this case, the trial court issued its order deeming the prenuptial agreement valid, but it did not divorce the parties or otherwise dispose of the parties’ property. Therefore, the order, which did not resolve all the issues in the case, was not final. The trial court did not certify the order validating the prenuptial agreement as final under Rule 54(b). Therefore, under the holding of Williams, supra, we remand this case with instructions to the trial court to, within 14 days, either 1) enter an order certifying the June 25, 2015, order as final pursuant to Rule 54(b), Ala. R. Civ. P., if, in its discretion, the trial court determines that such a certification is appropriate, or 2) take no action, which will result in the dismissal of the appeal. If a supplemental record reflecting the trial court’s action on remand is not forwarded to this court within 14 days, this appeal will be dismissed. Smith v. Butler- *587 Austin, 108 So.3d 1014, 1018 (Ala.Civ.App.2012)(quoting Hanner v. Metro Bank & Protective Life Ins. Co., 952 So.2d 1056, 1062 (Ala.2006)).
REMANDED WITH INSTRUCTIONS. 
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
DONALDSON, J., dissents, with writing, which MOORE, J., joins.

. We note that Rule 50(a), Ala. R. Civ. P., is applicable only in cases involving a jury trial and, therefore, would not apply in this case. We presume that the husband intended to file a motion for a summary judgment pursuant *586 to Rule 56, Ala. R. Civ. P.; however, the parties have not raised any issue on appeal regarding the propriety of the husband's motion.

. A certificate of judgment has not been issued in Williams because the matter is pending certiorari review by the Alabama Supreme Court. "While Rule 41 [, Ala. R.App. P.,] stays the issuance of the certificate of judgment, and postpones the final judgment between the parties, it does not prevent a decision of the [appellate court] from having precedential value while the case is pending for review in [the supreme court].” Grantham v. State, 540 So.2d 779, 780 (Ala. 1988). See also, People's Auto Co. v. State, 23 Ala. App. 7, 8, 121 So. 907, 908 (1928)(noting that, "[u]ntil a decision of this court is reviewed and reversed by the Supreme Court, in cases authorized by law and in accordance with the rules made and provided, the decisions and opinion of this court construing a statute have the force and effect of judicial construction”).