263 So.2d 694

Homer Lee GIBSON

v.

STATE.

3 Div. 114.

Court of Criminal Appeals of Alabama.

June 13, 1972.

B. F. Lovelace, Brewton, for appellant.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

PER CURIAM.

The indictment charged the appellant, a convict, with escaping from the penitentiary or from a guard having him in charge under authority of law before the expiration of the term for which he was sentenced. His trial resulted in a verdict of guilty and a judgment in accordance therewith. His punishment was fixed at imprisonment in the penitentiary for six years. The appellant had entered a plea of not guilty and being indigent was defended by B. F. Lovelace, Public Defender, Escambia County, who was also appointed by the trial court to represent the appellant on this appeal.

The evidence offered on behalf of the State on the trial of appellant shows in substance that he was a convict serving a life sentence in the State penitentiary of Alabama on November 11, 1970, at which time he was assigned to William C. Holman Unit of said penitentiary at Atmore; that on said date Winston Grant, a prison guard, in connection with his duties picked up the appellant at said William C. Holman Unit and brought him to the courthouse in Brewton to be arraigned on a criminal charge; that he was placed in the witness room in the courthouse and a guard was stationed in the hall at the only door of said room; that the appellant left the said room without permission; that later that same day a car in which he was riding on Interstate Highway 65 about twenty miles from said courthouse was stopped by officers and said officers brought the appellant back to Brewton and turned him over to the prison guard who had him in charge when he was brought to the courthouse for said arraignment.

The appellant did not offer any witness or evidence on his behalf.

The appellant complains that the evidence was insufficient to support a verdict.

The indictment charged the appellant with the offense denounced by Tit. 14, § 153, Code of Alabama, 1940, recompiled 1958, which states:

"Any convict who escapes or attempts to escape from the penitentiary, or from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary before the expiration of the term for which he was sentenced, shall, on conviction be imprisoned for an additional term of not less than one year."

In the case of Artrip v. State, 41 Ala. App. 492, 136 So.2d 574, the court stated:

". . . The elements of offense are capable of being readily understood, viz., (1) escape from (a) the pentitentiary or (b) a person or guard lawfully having him in charge—either within or outside the walls; and (2) before the expiry of a sentence."

The person charged must also be a convict. That fact may be inferred from the above quotation.

In Massengale v. State, 36 Ala.App. 195, 54 So.2d 85, the court said:

". . . That is to say, there must be substantial evidence tending to prove all elements of the charged offense, a mere scintilla of evidence, in view of the presumption of innocence, being insufficient."

There was substantial evidence in this case that appellant at the time in question was a convict, that he escaped from a guard having him in charge under authority of law, and that he escaped before the expiration of the term for which he was sentenced. This evidence was without conflict and it was in no way contradicted. Appellant's complaint is without merit.

We have carefully searched the record and we find no error therein. It is therefore ordered and adjudged by the court that the judgment in this cause be and the same is hereby affirmed.

The foregoing opinion was prepared by L. S. Moore, Supernumerary Circuit Judge, and adopted by this court as its opinion.

Affirmed.

All the Judges concur.