Escape; sentence: twelve years imprisonment.
On January 6, 1978, appellant was serving time on a two year second degree burglary conviction in the Houston County Jail while awaiting transfer to the state penitentiary. Sheriff A.B. Clark testified that appellant, along with two other prisoners, was assigned to a work detail at the Houston County Farm Center that day and had been transported to the farm center by Mr. Easel Hamm, the utility foreman at the farm center. Mr. Hamm, a county employee not connected with law enforcement, was responsible for picking the prisoners up at the jail at 7:30 a.m., supervising them during the day, and returning them to the jail at 3:30 p.m. This particular day, however, the prisoners were to stay at the farm center overnight to clean up after a horse show that evening. Sheriff Clark testified he did not give appellant permission to leave the farm center grounds that day. However, he also stated, he was not at the farm center any time that day, he was not familiar with quarters provided for prisoners at the farm center, and that anything he knew about appellant's escape was told him by someone else. He further testified that Mr. Hamm was the only person at the farm center responsible for the prisoners during both the day and that night. No deputy was assigned to them.
Mr. Easel Hamm testified he was the utility man at the farm center and that the only relationship he had with Sheriff Clark was as a county employee. He stated he carried no gun, was not a law enforcement officer, and was not a guard under anyone's employ. Mr. Hamm testified that Sheriff Clark was not the man who initiated his job supervising the prisoners. Rather, he had been hired by the manager of the farm center to supervise the work detail, and that was all he knew of the arrangement.
Mr. Hamm stated the prisoners finished their work at the farm center at approximately 1:00 a.m. He observed the prisoners bed down in a heated dressing room, and then around 1:30 a.m. he went to a local cafe to get something to eat. Mr. Hamm stated he returned at 2:30 a.m. and found all the prisoners missing. He testified that no one was left in charge of the prisoners during his absence, that none of the gates were locked, and that anyone could have gotten up and walked out.
Deputy Sheriff Leon Baxter testified he was called to the farm center on January 7, 1978, learned appellant was missing, and proceeded to a night club area in Houston County to search for him. There, Deputy Baxter observed appellant coming out of the Capri Club. He walked up to appellant, took a beer from his hand, and placed him under arrest. He stated appellant was intoxicated and attempted to get the beer back. Appellant resisted Baxter's orders, and Baxter put handcuffs on him and placed him in the patrol car.
Appellant testified in his own behalf. He stated he was hungry after going to bed that night and called a taxi from a pay telephone at the farm center to take him to get something to eat. Appellant testified he had not been given any supper that night. (Mr. Hamm, called later in rebuttal, *Page 843 
testified appellant had been given two barbeque sandwiches for supper.) Appellant stated he went to the Capri Club where he had a plate lunch. He then began drinking and got drunk. He testified it was his intention, however, to return to jail when he left the Capri Club.
The indictment against appellant charged in pertinent part as follows:
 ". . . William Eady, whose name is to the Grand Jury otherwise unknown, while a convict under sentence to the penitentiary, did escape from custody of the Sheriff of Houston County, Alabama, who had him in charge under authority of law. . . ."
Appellant contends the State's evidence failed to prove a prima facie case of escape against appellant in that the State failed to prove as alleged in the indictment that appellant escaped from custody of Sheriff Clark or any other authorized law enforcement officer or agent of the sheriff.
We are forced to agree with appellant. The evidence showed not only that appellant was not in custody of the sheriff at the time he left the farm center, but that he was not in the custody of anyone charged by law with his care and detention. Neither was he in a lawful place of detention, but rather informally assigned overnight in an unlocked public facility with which the sheriff himself was not familiar.
Section 13-5-65, Code of Ala. 1975, under which appellant was convicted, reads as follows:
 "Any convict who escapes or attempts to escape from the penitentiary or from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary, before the expiration of the term for which he was sentenced, shall, on conviction, be imprisoned for an additional term of not less than one year."
The evidence here shows a fatal variance between the facts as alleged in the indictment and the proof adduced at trial. As this court stated in Owens v. State, 46 Ala. App. 591,246 So.2d 478 (1971): "No proposition of law is more fundamental than the one requiring that the proof at trial must correspond with the material allegations of the indictment."
Additionally, to sustain a conviction under the code section cited above, the State must show the convict escaped from the penitentiary or from a person or guard lawfully having him incharge either within or outside the walls. Gibson v. State,48 Ala. App. 237, 263 So.2d 694 (1972). For purposes of this statute, the appellant's assignment to a county jail while awaiting transfer to the penitentiary was sufficient to constitute confinement in the penitentiary. Strickland v.State, 280 Ala. 31, 189 So.2d 771 (1965); Thornton v. State, Ala.Cr.App., 356 So.2d 667 (1978). The instant indictment charged that the appellant escaped from the "custody of the Sheriff of Houston County, Alabama, who had him in charge under authority of law." However, the evidence shows that at the time of the purported escape the appellant was not in the custody of the sheriff, as charged in the indictment, nor was he in the custody of any person or guard having him in charge under "authority of law." Therefore, the appellant's motion to exclude the State's evidence should have been granted, and the failure to do so amounts to reversible error.
REVERSED AND REMANDED.
All the Judges concur.