Escape in the first degree; sentence: two years' imprisonment.
The State presented only two witnesses.
Leon Baxter, a Sergeant with the Houston County Sheriff's Department, testified that on June 6, 1980, he was performing the duties of jailer at the Houston County Jail. The appellant was an inmate at the jail at that time and was participating in the work release program pursuant to Code § 14-8-30 et seq. Baxter testified that the appellant was released from jail on that date to work at Aamco Transmission Service until noon and was directed to be back at jail no later than 12:30 p.m. When the appellant failed to return to the jail at the designated time, Baxter went to Aamco and found that the appellant was not there.
Ralph Tice, a Houston County Deputy Sheriff, testified that on June 8, pursuant to an order to be looking for the appellant, he went to the home of the appellant's father. He entered the house with the father's permission and found the appellant "in a laundry room crouched behind a piece of plywood." The appellant was then arrested, returned to the county jail and later charged with escape.
At the end of the State's case in chief, defense counsel moved to exclude the State's evidence "on the ground that they have not proved a prima facie case of escape under Section13A-10-31, A-2." Defense counsel argued that appellant's failure to return to custody was not an escape from custody as defined by § 13A-10-30 (b)(1). After argument the trial court denied the motion, and the defense proceeded with its case.
In reviewing the trial court's ruling on the appellant's motion to exclude the State's evidence, this court can only consider the evidence which was before the trial court at the time the motion to exclude was made. Kent v. State,367 So.2d 508 (Ala.Cr.App. 1978), cert. denied, 367 So.2d 518 (Ala. 1978). Testimony given after the State has rested its case and the motion to exclude has been presented cannot be used to support the verdict of the jury. Williams v. State,340 So.2d 1144 (Ala.Cr.App. 1976), cert. denied, 340 So.2d 1149 (Ala. 1977).
The indictment in the instant case charged in pertinent part that the appellant "having been convicted of a felony, to wit: Forgery, did escape or attempt to escape from custody imposed pursuant to that conviction, to-wit: Forgery, in violation of13A-10-31 of the Code of Alabama." *Page 1096 
Under Code § 13A-10-31 (a)(2), escape in the first degree consists of two essential elements: (1) that the accused had been convicted of a felony, and (2) that he escaped or attempted to escape from custody pursuant to that conviction.
The State's testimony failed to prove that the appellant had been convicted of a felony. However, prior to taking testimony in the case, defense counsel stipulated in open court that the appellant was serving a sentence for forgery at the time of the alleged escape, but refused to stipulate that appellant's conduct amounted to an escape from custody. Thus, the State was only obliged to prove the second element of the offense, that the appellant escaped "from custody."
"Custody" is defined by § 13A-10-30 (b)(1) as:
 "A restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court, but does not include mere supervision of probation or parole, or constraint incidental to release on bail."
We do not find that the appellant was in the custody of a public servant when he failed to return to jail from work at Aamco Transmission Service. His status was more closely akin to that of a person on probation, parole, or on bail than to a person in actual custody. Appellant was not "in" custody while at work, but was out of custody with orders to report back into custody at a specific time. Therefore, he could not have escaped "from" custody. He simply failed to return to custody.
The appellant's conduct here is analogous to that in Eady v.State, 369 So.2d 841 (Ala.Cr.App.), cert. denied, 369 So.2d 843
(Ala. 1979). There, Eady was charged with escape "from" custody of the Sheriff of Houston County. However, the evidence proved that Eady was assigned to a work detail at the Houston County Farm Center to clean up after a horse show on a particular night. His work was supervised by a county employee not connected with law enforcement. Sometime during the night Eady left the facility. In that case we found that the evidence failed to prove an escape "from custody" because the evidence showed Eady was not in fact "in custody" of the sheriff when he left the unguarded facility.
In the instant case we are not holding that persons on a work release program are free to walk away without punishment. The work release statute itself provides specifically for such conduct. Code § 14-8-42 provides:
 "The willful failure of an inmate to remain within the extended limits of his confinement or to return to the place of confinement within the time prescribed shall be deemed an escape from a state penal institution in the case of a state inmate and an escape from the custody of the sheriff in the case of a county inmate and shall be punishable accordingly."
The general escape provisions in Code § 13A-10-30 et seq., do not specifically cover the failure to return to custody, whereas the work release statute was enacted by the legislature for a specific purpose and covers the conduct in question. The work release statute and the general escape provisions of the criminal code are not in conflict. The general escape provisions do not repeal specifically nor by implication the penal provisions of the work release act.
Repeal by implication is not a favored rule of statutory construction, and only when two laws are so repugnant to or in conflict with each other will it be presumed the legislature intended that the latter should repeal the former. Fletcher v.Tuscaloosa Federal Savings Loan Association, 294 Ala. 173,314 So.2d 51 (1975). Repeal of a statute by implication is not favored by law, and courts should interpret legislative acts so as to harmonize them. Vaughn v. State, 370 So.2d 339
(Ala.Cr.App. 1979). Repeal of a statute by implication is disfavored in the law, and a particular statute will govern a general statute. Kimbrell v. State, 272 Ala. 419, 132 So.2d 132
(1961).
Here, the legislature has provided a penalty for the exact conduct in question by way of Code § 14-8-42. If that section was *Page 1097 
deemed to have been repealed by implication by the general escape provisions in the criminal code, then the instant conduct would not fall within the clear meaning of those general escape provisions in § 13A-10-30 et seq. It would take a strained judicial construction of the wording of the general escape provisions to bring the instant appellant's conduct within their terms.
We therefore find that the appellant was indicted and tried under the wrong statute. An indictment should have been drawn tracking the wording of § 14-8-42, even though on a finding of guilt, the trial judge would have to refer to the general escape provisions of the new criminal code in determining which sentence to impose.
REVERSED AND REMANDED.
All the Judges concur.