Joan Connie Block was indicted and convicted for robbery in the first degree in violation of Alabama Code 1975, § 13A-8-41. Sentence was 30 years' imprisonment. Two issues are raised on appeal.
 I
Mrs. Block's appointed appellate counsel argues that the trial court erred "in allowing the prosecutor to continually point to appellant's post-Miranda silence as evidence of guilt." We find no merit to this contention for three reasons.
Initially, we note that this issue has not been preserved for review. At trial, there were no objections to the prosecutor's question of Mrs. Block, "If you are innocent, why didn't you tell them (police) that?" and "You refused to talk to them and this is the first time that any law enforcement officer has heard this story is right now, isn't it?" The general rule is that even constitutional rights have to be seasonably raised in the trial court before they will be considered by this Court.Steele v. State, 289 Ala. 186, 189, 266 So.2d 746 (1972);Charley v. State, 204 Ala. 687, 87 So. 177 (1920); Smith v.State, 439 So.2d 1336 (Ala.Cr.App. 1983). See also Marsden v.State [Ms. 83-292, July 6, 1984] (Ala. 1984); Watts v. State
[Ms. 82-676, December 9, 1983] (Ala. 1983) (arraignment waived by pronouncing ready to proceed with trial and by remaining silent until after verdict).
In connection with this issue, we observe that Mrs. Block represented herself at trial. Although appointed counsel was present to act as her "legal adviser", his role was severely limited.
 "MR. CLENNEY [Defense Counsel]: Your Honor, I have a question. It is my understanding that the Defendant doesn't wish for me to make any independent motions such as objections or any motions. Is that correct?
"MRS. BLOCK: Yes."
* * * * * * *Page 1013 
"THE COURT: And, you will make your own objections?
"MRS. BLOCK: Yes. I will, sir."
* * * * * *
"THE COURT: And, do the questioning of the witnesses?
"MRS. BLOCK: Yes, I will.
 "THE COURT: Now, you understand that you are a layman, but that you are going to be held to the same standards that a lawyer would be? You will not be able to get into evidence anything that is not legal evidence?
"MRS. BLOCK: Yes. I understand.
 "THE COURT: You will be held to the same standard as if you were an attorney. In other words, you can't introduce any evidence unless it is legal evidence. And, the questions you ask the witnesses will have to be framed in the proper way. You understand that?
"MRS. BLOCK: Yes.
 "THE COURT: Okay. And knowing all of that, you still want to represent yourself?
"MRS. BLOCK: Yes, I do, sir.
"THE COURT: Okay."
Mrs. Block chose to represent herself at trial after being warned that she would not be given any special consideration. Now, she must bear the consequences of her decision.
A second reason why Mrs. Block cannot claim foul by the prosecutor's use of her post-Miranda silence is because it was Mrs. Block's own cross examination of Dothan Police Corporal Jackie Mendheim that initially placed her failure to make a statement before the jury. "An accused cannot by his own voluntary conduct invite error and then seek to profit thereby. It would be a sad commentary upon the vitality of the judicial process if an accused could render it impotent by his own choice." Aldridge v. State, 278 Ala. 470, 474, 179 So.2d 51
(1965).
Finally, we note that, on cross examination, Mrs. Block testified that she "told some things to Lieutenant Lee and some of the women matrons what had happened" and that she "tried to tell the Sheriff about things and he wouldn't even listen to" her.
 II
Our review of the evidence convinces us that Mrs. Block was a participant in the robbery of the Headland Jewelry Company on September 13, 1982. The evidence is clear that Mrs. Block and her husband drove their automobile around to the back of the building where they both put on wigs. Mrs. Block helped her husband put on his wig. Mr. Block then robbed the jewelry store, returned to the car where Mrs. Block had been waiting and said, "Get out of here in a hurry." Mrs. Block had been in the store shortly before the robbery.
Mr. and Mrs. Block were apprehended in Dothan and transported back to Henry County. Mrs. Block led law enforcement authorities to the jewels taken in the robbery, which had been buried in a cemetery in Newton.
Mrs. Block was guilty as an accomplice. Alabama Code 1975, §13A-2-23. Under § 13A-8-41 (b), Mr. Block's assertion that he had a bomb in the bag he was carrying was prima facie evidence that he was armed with a deadly weapon. "An aider and abettor may be indicted directly with the commission of the substantive crime and the charge may be supported by proof that he only aided and abetted in its commission." Killough v. State,438 So.2d 311, 323 (Ala.Cr.App. 1982), reversed on other grounds,Ex parte Killough, 438 So.2d 333 (Ala. 1983). "[O]ne indicted as the actual perpetrator of a crime may be convicted of such upon proof of a conspiracy although not charged with such."Kendrick v. State, 377 So.2d 1112, 1114 (Ala.Cr.App.), cert. denied, 377 So.2d 1114 (Ala. 1979).
On appeal, Mrs. Block has filed certain papers which this Court treats as a pro se brief. Mrs. Block complains about the conditions of her confinement in the Henry County Jail. She also alleges that the arrest warrant was defective, that pending trial she was held without bond, that the grand jury was drugged, that she was not *Page 1014 
tried within 180 days, that she was denied the effective assistance of counsel, that witnesses perjured themselves, and that the trial judge was a personal family friend. Mrs. Block requests a complete investigation of her allegations. These contentions are unverified and without any type of support.
Prior to trial, Mrs. Block requested and received a psychiatric evaluation. She was found to be sane at the time of the crime and competent to stand trial, with "an absence of any psychotic features."
On the record presented to this Court, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
All Judges concur.