Gary Alexander was indicted and convicted for escape in the first degree in violation of Alabama Code 1975, § 13A-10-31. He was sentenced to life imprisonment as a habitual offender. On appeal, Alexander contends that the failure of a work release inmate to return from his place of employment to his place of confinement does not constitute an escape from custody. We disagree.
In 1982, Alexander was in the state penal system serving sentences for three felony convictions at the Decatur Work Release Center. On April 6, 1982, he failed to return to the center from his place of employment.
In Grimes v. State, 402 So.2d 1094 (Ala.Cr.App. 1981), this Court held that the failure of an inmate to return from work release does not constitute escape in the first degree under Alabama Code 1975, § 13A-10-31 (a)(2), because of the statutory definition of custody found in § 13A-10-30 (b)(1).
"`Custody' is defined by § 13A-10-30 (b)(1) as:
 "`A restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court, but does not include mere supervision of probation or parole, or constraint incidental to release on bail.'
 "We do not find that the appellant was in the custody of a public servant when he failed to return to jail from work at Aamco Transmission Service. His status was more closely akin to that of a person on probation, parole, or on bail than to a person in actual custody. Appellant was not `in' custody while at work, but was out of custody with orders to report back into custody at a specific time. Therefore, he could not have escaped `from' custody. He simply failed to return to custody." Grimes, 402 So.2d at 1096.
See also Eady v. State, 369 So.2d 841 (Ala.Cr.App.), cert. denied, 369 So.2d 843 (Ala. 1979).
On reconsideration of the meaning and scope of the statutory definition of "custody", we find that the crime of escape in the first degree is broad enough to cover the facts of this case.
"[W]ork release certainly is official detention."Commonwealth v. Brown, 261 Pa. Super. 240, 396 A.2d 377, 378
(1978).
In Jenkins v. State, 367 So.2d 587, 588-89 (Ala.Cr.App. 1978), cert. denied, Ex parte Jenkins, 367 So.2d 590 (Ala. 1979), this Court held that a "prisoner on furlough is as much in the legal custody of the institution for purposes of escape as is a prisoner confined within the prison walls."
 "Though there is some authority to the contrary, the majority view as recognized by a significant number of cases is that `for the purposes of a prosecution for escape from custody under a general escape statute, a prisoner remains, in law, as much in custody when he is allowed outside the prison without supervision as when he is confined within the prison walls.' 76 A.L.R.3d 658 at 670 (1977).
 "The underlying theory is that the `critical factor' in escape is the `defendant's voluntary departure from an underlying and continuing "legal" custody by the *Page 627 
institution of commitment of the person of the defendant — it being unessential whether at the particular moment of defendant's departure such "legal custody" is being objectively manifested in fact by a physical restraint of defendant's person.' State v. Holbrook, 318 A.2d 62, 76 A.L.R.3d 646, 652
(Me. 1974)."
Although Jenkins was decided under our old general escape statute, Alabama Code 1975, § 13-5-65 ("escape from the penitentiary or from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary"), its principles are applicable to our present statute.
Carr v. State, 406 So.2d 440 (Ala.Cr.App. 1981), involved a conviction for escape in the first degree under the same statute as that for which Alexander was prosecuted.
 "Custody is `a restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court, but does not include mere supervision of probation or parole, or constraint incidental to release on bail.' Section 13A-10-30 (b)(1). The key word in the definition of `custody' is `restraint'. See commentary following Section 205.00, New York Revised Penal Law. `A person may still be in custody even though not under constant supervision by guards, so long as some restraint remains upon complete freedom.' Read v. United States, 361 F.2d 830, 831
(10th Cir. 1966). `It is not necessary that the prisoner be confined by physical force, and the fact that he was unguarded at the time of his escape is immaterial.' 30A C.J.S. Escape § 5 (1965). See also Jenkins v. State, 367 So.2d 587
(Ala.Cr.App. 1978), cert. denied, 367 So.2d 590
(Ala. 1979)." Carr, 406 So.2d at 441.
See also State v. Babcock, 226 Kan. 356, 597 P.2d 1117, 1121-22
(1979); State v. Furlong, 110 R.I. 174, 291 A.2d 267 (1972). Although these and other cases all involve statutes of different wording, "the concept is similar and applicable here: work release programs are a form of `detention for law enforcement purposes.'" Brown, 396 A.2d at 379.
Our present interpretation of custody is consistent with the traditional construction given that term.
 "One who has been taken into the custody of the law by arrest or surrender remains in legal custody until he has been delivered by due course of the law or departs unlawfully. And unless there is some limitation due to a restrictive statute he commits an escape if he wilfully departs without having been delivered by due course of the law even if he was not kept behind locked doors or in the immediate presence of a guard." R. Perkins and R. Boyce, Criminal Law
562 (3rd ed. 1982).
The construction given "custody" in Grimes is too restrictive. To the extent Grimes and Eady conflict with our present opinion, they are overruled.
Our interpretation of custody is supported by the factors grading escape into three degrees and by the fact that the repeal of the statute that made the failure to return to a work release center a misdemeanor. The Criminal Code divides the crimes of escape into three degrees "based on two factors: (1) use of force, and (2) the seriousness of the crime that led to detention." §§ 13A-10-31 through 13A-10-33 Commentary. Alexander, a convicted felon, was properly indicted and convicted of escape in the first degree.
It is important to note that Alexander was a state inmate serving his sentence at a state work release center (the State of Alabama Department of Corrections Decatur Community Based Facility).
A county inmate or a state inmate in county custody who fails to return from work release is guilty of a misdemeanor under Alabama Code 1975, § 14-8-42. A state inmate, not in county custody, who failed to return from work release was also guilty of a misdemeanor under Alabama Code 1975, § 14-8-8. However, that section was repealed by Alabama's New Criminal Code. Acts 1977, No. 607, p. 812, § 9901, as amended, effective January 1, *Page 628 
1980. Table I at the end of Vol. 12, Alabama Code, "indicates the disposition of sections of the 1975 Alabama Code which are affected by the adoption of" the New Criminal Code. That Table indicates that § 14-8-8 is now covered by § 13A-10-31. We recognize that this Table does not have the force of law and only refer to it as additional authority, of whatever weight, to support our conclusion.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.