TAYLOR, Judge.
Danny Wayne Oliver was indicted and convicted of escape in the third degree in violation of Alabama Code 1975, § 13A-10-33. He was sentenced as a habitual offender to a term of 20 years’ imprisonment, with the sentence to run concurrently with the sentence he was presently serving.
The evidence tends to show that on October 31, 1981, Danny Wayne Oliver, who was on “trusty” status, was granted a 12-hour pass from the Morgan County Jail. It was understood by the appellant Oliver that it enabled him to remain away from the jail for 12 hours without supervision and that he was required to return to the jail before this period expired. He did not return but was apprehended on August 25, 1982, nearly ten months later, in Morgan County and returned to jail.
I
The appellant first contends that he was not in custody within the meaning of Alabama Code 1975, § 13A-10-30(b)(l), and therefore could not be convicted under Alabama Code 1975, § 13A-10-33, for escape in the third degree. He specifically bases this contention on the fact that he was allowed to leave the jail in the company of a friend or family member free from the supervision of any law enforcement personnel.
Appellant relies on the holdings in Grimes v. State, 402 So.2d 1094 (Ala.Crim.App.1981), and Eady v. State, 369 So.2d 841 (Ala.Crim.App.), cert. denied, 369 So.2d 843 (Ala.1979). Both of these cases dealt with prisoners who were on work release and not under the supervision of law enforcement personnel. This court held in those cases that the appellants were not in custody as defined by Alabama Code 1975, § 13A-10-30(b)(l), but were merely out of custody with orders to report to custody at a specific time. Accordingly, it was held that they could not be convicted of escaping from custody.
Since the filing of briefs in the present case, the principles set forth in Grimes, supra, and Eady, supra, have been specifically overruled in the case of Alexander v. State [Ms. 8 Div. 166, October 23, 1984] (Ala.Crim.App.1984).
In Alexander, supra, we adopted the following as our interpretation of “custody”:
“One who has been taken into the custody of the law by arrest or surrender remains in legal custody until he has been delivered by due course of the law or departs unlawfully. And unless there is some limitation due to a restrictive statute he commits an escape if he will *161 fully departs without having been delivered by due course of the law even if he was not kept behind locked doors or in the immediate presence of a guard.” R. Perkins and R. Boyce, Criminal Law p. 562 (3rd ed. 1982).
Accordingly, the appellant in the present case was in custody while he was out of jail on a pass. Therefore, he was properly charged and convicted under Alabama Code 1975, § 13A-10-33, of escape in the third degree.
II
The appellant next contends that there was insufficient proof of venue to support the conviction. Specifically, appellant contends that venue could only be established in Lawrence County, where he was physically present when the 12-hour pass expired, and not in Morgan County, where the jail was located.
We are of the opinion that the crime of escape was committed at the Morgan County Jail in Morgan County at 8:00 p.m., October 31, 1981, when the appellant failed to return to confinement at the expiration of his 12-hour pass. Regardless of where appellant physically was at 8:00 p.m. on this date, he committed the crime of escape when he failed to return to the Morgan County Jail.
Alabama Code 1975, § 15-2-2, provides that “unless otherwise provided by law, the venue of all public offenses is in the county in which the offense was committed.” It was established at trial that the Morgan County Jail was in Morgan County and that this was the jail from which the appellant escaped. Therefore, venue was established and proper in Morgan County.
Accordingly the decision of the trial court is affirmed.
AFFIRMED.
All the Judges concur.