465 So.2d 483 (1985)
James F. PRATTE
v.
STATE.
8 Div. 192.
Court of Criminal Appeals of Alabama.
January 8, 1985.
On Return to Remand February 12, 1985.
Walter Allen Davis, Huntsville, for appellant.
Charles A. Graddick, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
The appellant, James F. Pratte, pleaded guilty to the commission of five felonies, and on February 28, 1983, he was sentenced as follows:
Case No. CC-82-1145FW, Sale of Marijuana, 4 years' imprisonment and a $500 fine.
Case No. CC-82-1146FW, Sale of Marijuana, 4 years' imprisonment and a $500 fine.
Case No. CC-82-1205FW, Possession and Sale of Cocaine, 7 years' imprisonment and a $1,000 fine.
Case No. CC-82-1206FW, Possession of Methaqualone, 5 years' imprisonment and a $500 fine.
Case No. CC-82-1207FW, Possession and Sale of Lysergic Acid Diethylamide, 12 years' imprisonment and a $3,000 fine.
*484 All sentences were to be served consecutively.
The cases were all appealed to this court, and all were remanded for resentencing. Applications for rehearing were filed, and the cases were pending before this court on application for rehearing on March 5, 1984, on which day the trial court resentenced the appellant. The sentences imposed on March 5, 1984, were the same as those originally imposed except that the sentence in case No. CC-82-1207FW was ordered to run concurrently with his other sentences.
Finally, this court withdrew its earlier opinion and issued a new opinion reversing and remanding the case to the trial court. 448 So.2d 502 (Ala.Cr.App.1984).
The appellant again pleaded guilty to the charges, and was sentenced on May 21, 1984. The sentence imposed was almost the same as the first sentence, but different from the second sentence in that the sentence in case No. CC-82-1207FW was not ordered to be served concurrently with Pratte's other sentences. The May 21, 1984, sentence differed from both prior sentences because it made the payment of all the fines a specific condition of appellant's release.

I
Appellant contends that the trial court rather than the Court of Criminal Appeals had jurisdiction over his case on the date of the second sentencing, and that the sentence issued on that date was a valid sentence. He further contends that, valid or not, the second sentence became the original sentence, which the court could not increase without factual data on the record upon which to base the increase in sentence.
A judgment of this court is not final until the certificate of judgment is issued, 18 days after the judgment itself. Rule 41, A.R.A.P., provides that the timely filing of an application for rehearing will stay the certificate of judgment until disposition of the application. The record reveals that 9 days after the original decision of this court was issued, an application for rehearing was filed. This application for rehearing served to stay issuance of the certificate of judgment, pursuant to Rule 41, and to maintain jurisdiction in this court. Therefore, the second sentencing of appellant by the trial court during the time this court had exclusive jurisdiction of the case, and before the final decision of this court, was a nullity. The sentence of March 5, 1984, was invalid and void.

II
The third sentence increased the second sentence because it removed the concurrency of case No. CC-82-1207FW. It increased both the first and second sentences, because it contained a provision that the payment of the fines in each case was a specific condition of release. Pratte asserts that no reasons were set out to justify any increase in sentence and that this violated the rule in North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), which provided that "whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear."
We have already discussed the second sentence imposed and found it to be a nullity. Therefore any variance between the second sentence and the third sentence is meaningless. Only the contention by appellant that his first sentence was increased by the provision in the third sentence that payment of all fines be made a specific condition of his release need be considered here.
Under both the first sentence and the third sentence the procedure for determining ability to pay a fine is the same. The defendant is first evaluated under Rule 10(e), Temp.R.Crim.Proc., to determine why he is unable to pay the fine. Upon a finding that the defendant is indigent, Rule 10(g)(2), Temp.R.Crim.Proc., would come into effect. It provides that "in no case shall an indigent defendant be incarcerated for inability to pay a fine...." Regardless of any direction by the trial court that *485 appellant not be released until he paid his fine, he would be held no additional time if he was adjudged an indigent. It should be noted that this appellant was adjudged indigent.
The end results of the original and the final sentence are identical. No increase in sentence occurs and there is no violation of the rule in North Carolina v. Pearce, supra. Neither will Pratte suffer injury in the future, since the same rules will apply whenever the issue arises. If the resentencing is error, it is error without injury or the potential for injury. This response also meets the collateral arguments put forward by appellant.

III
As his final argument, appellant contends that the sentence which he received should contain a provision allowing him credit for time previously served, pursuant to § 15-18-5, Code of Alabama 1975. The state contends that it is the responsibility of the appellant to establish that he has not received the benefit of the code section and that there is nothing in the record to indicate that he has not received such benefit. A similar issue was dealt with in Ex parte State (In re: Blake v. State), 462 So.2d 949 (Ala.1984). Justice Maddox, concurring specially, noted that "if the clerk failed to make the certification as the law required, the defendant should have raised the point at that time, but his failure to do so in a matter as grave as serving more time than the law requires should not be fatal."
Accordingly, this cause is remanded for the trial court to determine incarceration time, if any, served by the appellant incident to the instant criminal offense prior to his conviction and sentence and to correct the sentence previously pronounced, in accordance with § 15-18-5, if so indicated by such determination.
REMANDED WITH INSTRUCTIONS.
All the Judges concur.

ON RETURN TO REMAND
TAYLOR, Judge.
The trial court having complied with directions on remandment, the judgment of the circuit court is due to be and is hereby affirmed.
OPINION EXTENDED; AFFIRMED.
All the Judges concur.