The appellant was found guilty of escape in the first degree, in violation of § 13A-10-31, Code of Alabama (1975), and was sentenced to life imprisonment, pursuant to the Habitual Felony Offender Act. The appellant was serving a sentence for second degree burglary[1] as an inmate at the Decatur Work Release Center. He also worked at this facility. Inmates working at the Decatur Work Release Center were allowed to leave only if given permission or assigned a particular work release employment or activity. The appellant, on the date in question, at approximately 1:30 a.m., received permission from a corrections officer to go to another building within the work release center to talk with another inmate. Thereafter, a head-count was taken which revealed that the appellant was missing from the work release center. Following an investigation, the appellant was found at approximately 6:00 a.m. at his fiancee's apartment in Decatur. The appellant took the stand and testified that he knew that he was not allowed to leave the facility, but that he had some personal problems that he wanted to discuss with his fiancee.
The appellant contends that his conviction was contrary to the constitutional prohibition against ex post facto laws in that his actions did not fall within the narrow definition of "custody" applicable to escape in the first degree at the time of the offense. However, the appellant never raised this issue before or during trial. Constitutional issues must be raised at trial before they can be considered by this court.Cartwright v. State, 466 So.2d 1023 (Ala.Cr.App. 1995); Blockv. State, 455 So.2d 1011 (Ala.Cr.App. 1984); Owen v. State,418 So.2d 214 (Ala.Cr.App. 1982).
Even if the appellant had properly preserved this issue, his argument is without merit. Although the narrow definition of "custody" established by Grimes v. State, 402 So.2d 1094
(Ala.Cr.App. 1981) is applicable to the appellant's escape, Exparte Alexander, 475 So.2d 628 (Ala. 1985), the appellant's detention meets the elements of "custody" as defined by Grimes.
The appellant, an inmate, improperly left a work release facility to which he was confined. "Custody" was defined byGrimes pursuant to § 13A-10-30(b)(1), Code of Alabama (1975), as:
 "A restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court, but does not include mere supervision of probation or parole, or constraint incidental to release on bail."
As the State indicates in its brief, the circumstances under which Grimes held that the appellant was not in custody are distinguishable from those at hand. The court wrote in Grimes:
 "We do not find that the appellant was in the custody of a public servant when he failed to return to jail from work at Aamco Transmission Service. His status was more closely akin to that of a person on probation [or] parole, or on bail than to a person in actual custody. Appellant was not 'in' custody while at work, but was out of custody with orders to report back into custody at a specific time. Therefore, he could not have escaped 'from' custody. He simply failed to return to custody." Id. at 1096.
In the case sub judice, the appellant clearly escaped from the custody of the facility to which he was confined.
AFFIRMED.
All the Judges concur.
[1] He had also been convicted of grand larceny, and buying, receiving and concealing stolen property in connection with the burglary, and he had been convicted of escape three years prior to the instant offense.
 *Page 296