540 So.2d 775 (1987)
Clinton GRANTHAM
v.
STATE.
4 Div. 769.
Court of Criminal Appeals of Alabama.
August 18, 1987.
Rehearing Denied November 10, 1987.
*776 Edward M. Young of Motley & Young, Dothan, for appellant.
Charles A. Graddick, Atty. Gen., and P. David Bjurberg, Asst. Atty. Gen., for appellee.
TAYLOR, Judge.
The appellant, Clinton Grantham, was convicted of escape in the third degree, in violation of § 13A-10-33, Code of Alabama 1975, and was sentenced to fifteen years' imprisonment. The issue in this case is whether appellant Grantham, a convict on the SIR (Supervised Intensive Restitution) program, was in "custody," so that he could be convicted of escape. We are constrained to hold that he was not.
While Grantham was part of the SIR program, the director of the program for Coffee County was unable to locate him at his residence and, thereafter, made a complaint against him for escape. Twenty days thereafter he was arrested.

I
Appellant argues that he was erroneously indicted under § 13A-10-33, Code of Alabama 1975, for escape in the third degree. He argues that escapes from SIR programs are to be regarded only as second degree escape, citing Jones v. State, 492 So.2d 642 (Ala.Cr.App.1986), as authority. In Jones, the accused was convicted of violating his SIR program in the same manner as in this case. This court held that Jones's conviction was lawful, as the state proved the elements of second degree escape. This court did not hold in Jones that an inmate who escapes while on the SIR program by failing to return to his residence can only be guilty of second degree escape to the exclusion of any other crime. On the contrary, escape in the third degree is a "catch-all" statute and is applicable to all escapes. Abernathy v. State, 462 So.2d 960 (Ala.Cr.App.1984). In appropriate cases, escape from the SIR program can be escape in the first degree. No error was committed in his indictment for third degree escape on the basis of the holding in Jones.

II
Appellant argues that even if he was lawfully indicted, the word "custody" was unlawfully applied to his case. Section 13A-10-33, Code of Alabama 1975, reads:
"Escape in the third degree.
"(a) A person commits the offense of escape in the third degree if he escapes or attempts to escape from custody.
"(b) Escape in the third degree is a Class C felony."
In application, this statute requires that "custody" must be established, as does the first degree escape statute, § 13A-10-31, Code of Alabama 1975.
In Alexander v. State, 475 So.2d 625 (Ala.Cr.App.1984), rev'd in part, Ex parte Alexander, 475 So.2d 628 (Ala.1985), we held that failure of an inmate on a work release program to return to his place of employment constitutes escape from custody. We expressly overruled Grimes v. State, 402 So.2d 1094 (Ala.Cr.App.1981), and Eady v. State, 369 So.2d 841 (Ala.Cr. App.), cert. denied, 369 So.2d 843 (Ala. 1979). However, in Ex parte Alexander, *777 supra, the Supreme Court of Alabama held that this new interpretation of the escape statutes could not be applied retroactively. In obedience to this ruling, we set aside a conviction in Allen v. State, 481 So.2d 418 (Ala.Cr.App.1985). The final decision of the Alabama Supreme Court in Ex parte Alexander, supra, was made on July 12, 1985. The appellant's escape in this case occurred during December of 1984. The decision of the Court of Criminal Appeals in Alexander v. State, supra, was released October 23, 1984.
In Pratte v. State, 465 So.2d 483 (Ala.Cr. App.1985), we held that "a judgment of this court is not final until the certificate of judgment is issued." 465 So.2d at 484. In Pratte, supra, we remanded the case to the lower court for resentencing on five convictions. Applications for rehearing were filed. While the defendant's case was pending on application for rehearing, the trial court resentenced the defendant. We held that the second sentence was a nullity, as the filing of the rehearing application stayed the issuance of the certificate of judgment. Therefore, the defendant's case was not final and he could not be resentenced when he was. Our decision was as follows:

"A judgment of this court is not final until the certificate of judgment is issued, 18 days after the judgment itself. Rule 41, A.R.A.P., provides that the timely filing of an application for rehearing will stay the certificate of judgment until disposition of the application. The record reveals that 9 days after the original decision of this court was issued, an application for rehearing was filed. This application for rehearing served to stay issuance of the certificate of judgment, pursuant to Rule 41, and to maintain jurisdiction in this court. Therefore, the second sentencing of appellant by the trial court during the time this court had exclusive jurisdiction of the case, and before the final decision of this court, was a nullity. The sentence of March 5, 1984, was invalid and void."
465 So.2d at 484.
Rule 41(b), A.R.A.P., addresses petitions for certiorari to the state Supreme Court, which we here quote:
"Stays of certificate of judgment pending petitions for certiorari to courts of appeals. The timely filing of a petition for certiorari in the supreme court shall stay the issuance of the certificate of judgment by the courts of appeals, which stay shall continue until the final disposition by the supreme court. Upon the filing of a copy of an order of the supreme court denying the petition for certiorari, the certificate of judgment of the courts of appeals shall issue immediately. If the time for the issuance of the certificate of judgment shall have been shortened pursuant to subdivision (a) hereof, the courts of appeals shall grant such relief, upon motion, as may be appropriate."
Ignorance of the law is no excuse. Citizens are deemed to have constructive knowledge of the law. 29 Am.Jur.2d Evidence § 222 (1967). However, decisions of the courts do not become law and have stare decisis effect until such decisions are final. Only a judicial opinion of the majority of the court on a point of law expressed in connection with a decision that has become final can have stare decisis effect, and ordinarily the decision and opinion must be reported. 20 Am.Jur.2d Courts § 189 (1965). (Emphasis added.) In passing, we remark that our opinion in Alexander v. State, supra, and the Supreme Court's opinion in Ex parte Alexander, supra, were printed consecutively in the same volume of Southern Reporter. While the decision in Alexander v. State, supra, reverses the previous definition of "custody," this decision was not final at its release date of October 23, 1984. The decision was not "the law" until the issuance of the certificate of judgment, July 12, 1985. In Pratte, we applied Rule 41(a), A.R.A.P., which states that the timely filing of an application for rehearing will stay the final decision of the case until that application is disposed of, in holding that the trial court lacked jurisdiction to resentence the defendant while his application for rehearing was pending before this court.
The same logic applies in this case. The rule, as propounded by our Supreme Court, *778 clearly states that the timely filing of a petition for certiorari in the Supreme Court will stay a final decision of the case until the Supreme Court issues its ruling. It matters not whether our specific issue from the case was addressed or not on appeal. In Ex parte Alexander, the court did not rule on the correctness of our interpretation of the word "custody." It addressed the retroactivity issue. However, Alexander, supra, was not final until the Supreme Court issued its certification of judgment. We refuse to rule that a decision is final as to some persons but not as to others. The law must apply to all or none, and should be ascertainable. As the great Judge Learned Hand stated, "The law is the command of the government, and it must be ascertainable in some way if it is to be enforced at all." L. Hand in I. Dilliard, The Spirit of Liberty, at 104 (1960).
Rule 41(b), A.R.A.P., is analogous to Rule 4 of the Federal Rules of Appellate Procedure, which provides that the timely filing of a petition to the Supreme Court shall act as a stay of the mandate until certiorari is denied or the Court issues its opinion. Additionally, our rule is similar to rules set forth in Tennessee and New Mexico. Rule 42(b), Tennessee Rules of Appellate Procedure (1979); Rule 12-402(c), New Mexico Rules of Appellate Procedure (1979).
Based upon the foregoing principles, as set out in Pratte, supra, the final determination in the Alexander case did not take place until the Supreme Court issued its decision in Ex parte Alexander, supra. Therefore, we have no choice, and are bound to follow the prior law as set forth in Grimes v. State, supra, and other cases. In Grimes, this court held that a convict placed on a work release program was not in "custody" and, therefore, could not have escaped from custody. Therefore, no "escape from custody" occurred.
For the reasons set forth, the judgment of the circuit court is reversed and a judgment rendered for the defendant.
REVERSED AND JUDGMENT RENDERED.
TYSON and PATTERSON, JJ., concur.
BOWEN, P.J., dissents with opinion.
McMILLAN J., joins in dissent.
BOWEN, Presiding Judge, dissenting.
I dissent. Our decision changing the definition of "custody" in Alexander v. State, 475 So.2d 625 (Ala.Cr.App.1984), reversed in part, Ex parte Alexander, 475 So.2d 628 (Ala.1985), became "the law" on October 23, 1984, when the opinion was issued and it remained "the law" up through the time that it was reversed, in part, on July 12, 1985, by the Alabama Supreme Court.
The fact that in October of 1984 the judgment was not "final" as to Mr. Alexander because he petitioned for a writ of certiorari and the Rule 41(b) certificate of judgment did not issue until July of 1985, has absolutely no bearing on whether, in December of 1984 when Mr. Grantham absconded, the judgment of this Court was "final" for purposes of constructive notice to him of the provisions of the escape statute.
"In determining whether a judgment is `final,' no hard and fast definition or test applicable to all situations can be given, since finality depends somewhat on the purpose for which, and the standpoint from which the judgment is being considered, and it may be final for one purpose and not for another." 49 C.J.S., Judgments § 11 at 35 (1947).
A rule 41 certificate of judgment involves finality between the parties to an appeal. The rule contemplates the protection and convenience of the parties to the litigation and does not address itself to the effect of the decision on non-parties. See Rule 41, A.R.A.P. (Committee Comments) ("the rule makes specific provision for relief to be granted to parties" and it "envisions the use of bonds or other matters ... to preserve the rights of the parties"). Because it deals with finality between the parties to an appeal, Rule 41 does have a jurisdictional component. See Pratte v. State, 465 So.2d at 484. However, neither *779 Rule 41 nor Pratte should be read to imply that a decision of this Court has no precedential value while it is pending for review in the Alabama Supreme Court or until a certificate of judgment has issued.
"Until a decision of this court is reviewed and reversed by the Supreme Court, in cases authorized by law and in accordance with the rules made and provided, the decisions and opinion of this court construing a statute have the force and effect of judicial construction." People's Auto Co. v. State, 23 Ala.App. 7, 8, 121 So. 907 (1928), cert. denied, 219 Ala. 280, 121 So. 908 (1929). This principle is part of the foundation of our system of jurisprudence:
"While the law is and should be ever in progression towards perfection its application should be as immutable as the law of gravitation until a change has been effected therein either by constitutional amendment, by legislation or by judicial interpretation."
* * * * * *
"Hence, the rule of stare decisis has long been recognized as the bulwark of American jurisprudence, and unless it is adhered to in this instance what was [the crime of escape under our decision in Alexander v. State] would now [be no crime].
"Such a ruling would do violence to our time-honored tradition of trial courts' reliance on judicial opinions for guidance and freedom from error. It would place the mark of condemnation upon the trial judge who in the exercise of his bounden duty looked to the decisions of the appellate court for guidance." State v. Stout, 90 Okl.Cr. 35, 210 P.2d 199, 203 (1949).
When Grantham absconded from the SIR program, he was subject to prosecution under the law of escape as it stood at the time of his offense. He, like all other citizens, was charged with constructive knowledge of the judicial construction placed on the escape statutes by this court's opinion in Alexander v. State. The fact that some seven months later the Alabama Supreme Court ruled that Alexander v. State was to be applied prospectively affected Mr. Alexander but not Mr. Grantham. Alexander had no notice, at the time he escaped, that a new rule might apply to him; Grantham did. The Supreme Court's prospectivity holding necessarily relates to the effective date of the change in the law wrought by this Court in Alexander v. State, i.e., October 23, 1984. This is the only logical conclusion as the Supreme Court specifically declined to reach the definition of custody issue: "We are not to be interpreted as either agreeing or disagreeing with the construction given to Code 1975, § 13A-10-31, by the Court of Criminal Appeals, as we have not reached that issue." Ex parte Alexander, 475 So.2d at 630.