We granted the appellant's petition for writ of certiorari in this case in order to clarify whether the escape of an inmate in the Supervised Intensive Restitution (SIR) program constitutes a violation of § 13A-10-31, Code of Alabama (1975), escape in the first degree; § 13A-10-32, escape in the second degree; or §13A-10-33, escape in the third degree.
Although the facts are well recited in the Court of Criminal Appeals' opinion, Jones v. State, 530 So.2d 871 (Ala.Cr.App. 1987), we will recite them again to afford a better grasp of the issues in this case. Curtis Jones was convicted of theft of property in the second degree pursuant to § 13A-8-4, Code ofAlabama (1975), and was sentenced to 25 years' imprisonment. In November 1985, he was placed in the SIR program under the supervision of James Hodgen, a correctional officer with the Alabama State Department of Corrections. *Page 878 
The SIR program allows inmates who have not been convicted of sexual offenses or violent crimes to work in the community and live away from a penal facility while remaining in contact with and under the supervision of a correctional officer. In March 1986, Hodgen claims, he met with Jones to discuss the fact that Jones was not doing his community work, paying his supervision fees, or working at a job. Hodgen says that he scheduled a meeting with Jones for the following day. Jones did not keep the appointment. After several attempts to locate Jones, Hodgen informed Jones's brother that Jones would be charged with escape if he failed to contact him. Subsequently, Jones came to Hodgen's office, where he explained that he had witnessed a murder. After giving a statement to the Prichard Police Department, Jones was told to report to Hodgen's office the following morning. Again, he did not show up, and he was charged with escape. At a disciplinary proceeding charging Jones with "disobeying a direct order," Jones testified that he was afraid and had gone into hiding because of the murder he had witnessed. Later, at the trial on the escape charge, Hodgen stated that he first learned of Jones's fear regarding the murder he had witnessed when he testified at the disciplinary hearing. Jones was convicted of first degree escape.
Section 15-18-121, Code of Alabama (1975), addresses the failure of an inmate to observe the restrictions of the SIR program. That section states as follows:
 The willful failure of an inmate to remain within the extended limits of the inmate's confinement, or to willfully return within the time prescribed to the place of confinement designated by the commissioner or his agent, shall be deemed as an escape from the custody of a penal facility and shall be punishable as prescribed by law. (Acts 1983, 3rd Ex. Sess., No. 83-838, p. 62, § 12.)
(Emphasis added).
In order to determine whether such an escape constitutes escape in the first degree, escape in the second degree, or escape in the third degree, we must consider §§ 13A-10-31, 13A-10-32, and13A-10-33. Section 13A-10-31 (a)(2) states that a person is guilty of escape in the first degree if:
 (2) Having been convicted of a felony, he escapes or attempts to escape from custody imposed pursuant to that conviction. [Emphasis added.]
Section 13A-10-32 (a), reads:
 (a) A person commits the crime of escape in the second degree if he escapes or attempts to escape from a penal facility. [Emphasis added.]
Finally, § 13A-10-33 defines escape in the third degree.
 (a) A person commits the offense of escape in the third degree if he escapes or attempts to escape from custody. [Emphasis added.]
The majority opinion of the Court of Criminal Appeals states that this issue was not properly preserved for review. However, in that opinion, authored by Judge Tyson, the Court nevertheless found that the facts surrounding Jones's escape met the requirements for a conviction pursuant to § 13A-10-31, escape in the first degree. We agree that this issue was not preserved for review, but, because of the confusion in this area of the law, we granted certiorari in order to clarify the law.
Initially, we note that in Alexander v. State, 475 So.2d 625
(Ala.Cr.App. 1984), the Court of Criminal Appeals reconsidered its earlier interpretation of "custody" and held that "work release programs are a form of `detention for law enforcement purposes.' [Commonwealth v. Brown, 261 Pa. Super. 240,396 A.2d 377, 379 (1978)]." Thus, that court affirmed the escape conviction. This Court reversed, holding that the Court of Criminal Appeals' new interpretation of the escape statute must be applied prospectively only. Ex parte Alexander, 475 So.2d 628,629 (Ala. 1985). See also Allen v. State, 481 So.2d 418, 419
(Ala.Cr.App. 1985). However, we did not agree or disagree with the Court of Criminal Appeals' interpretation of "custody" in that case. Ex parte Alexander, at 631.
In several cases subsequent to Alexander, the Court of Criminal Appeals has held that escape from an SIR program constituted *Page 879 
a violation of § 13A-10-32, escape in the second degree. In those cases, the court has made a distinction between being on "work release" and being a part of the SIR program. Myers v.State, 499 So.2d 820 (Ala.Cr.App. 1986); Jones v. State,492 So.2d 642 (Ala.Cr.App. 1986), However, in Grantham v. State, [Ms. 4 Div. 769, August 18, 1987] (Ala.Cr.App. 1987), the Court of Criminal Appeals stated that the holding in Jones, supra, did not mean that
 an inmate who escapes while on the SIR program by failing to return to his residence can only be guilty of second degree escape to the exclusion of any other crime. On the contrary, escape in the third degree is a "catch-all" statute and is applicable to all
escapes. Abernathy v. State, 462 So.2d 960
(Ala.Cr.App. 1984). In appropriate cases, escape from the SIR program can be escape in the first degree.
We agree with this interpretation of § 15-18-121, Code of Alabama (1975), because the language of that statute — "shall be deemed as an escape from the custody of a penal facility" — does not track verbatim the language of § 13A-10-32. Had the legislature intended an escape from the SIR program to constitute only escape in the second degree, it would have been simple for it to say so. Instead, it provided that such an escape would be deemed to be "an escape from the custody of a penal facility." We think this language was more likely incorporated so that an inmate's "custody" could not and would not be construed to be similar to some type of probation or parole, as once was the interpretation with regard to work release programs. See Grimesv. State, 402 So.2d 1094 (Ala.Cr.App. 1981); Eady v. State,369 So.2d 841 (Ala.Cr.App.), cert. denied, 369 So.2d 843 (Ala. 1979). Once both Grimes and Eady were overruled by Alexander, it became unnecessary to define the type of custody from which an inmate on the SIR program could escape. Therefore, we hold that an inmate who escapes from the SIR program can be charged with escape in the first degree, second degree, or third degree under either §13A-10-33, -32, or -31, depending upon the facts of his case.
We have considered the appellant's argument that he was denied effective assistance of counsel and we find his argument to be without merit. Therefore, the judgment is due to be, and it hereby is, affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, ALMON, SHORES, BEATTY, HOUSTON and STEAGALL, JJ., concur.