BOWEN, Judge.
Jimmy Rogers Coffey, the appellant, was convicted of escape in the first degree and was sentenced to 15 years' imprisonment. On this appeal from that conviction, he argues that his motion for a judgment of acquittal should have been granted on the basis of improper venue.
The State’s evidence shows that the appellant had two felony convictions and was assigned to the Montgomery Work Release Center to serve his sentence thereon. His job site was in Elmore County. On May 13, 1988, the appellant left his job site without permission. The appellant was arrested on October 19, 1989.
The appellant was indicted, prosecuted, and convicted in Montgomery County. He argues that the proper venue was in El-more County because that was where he disappeared.
In Moncrief v. State, 565 So.2d 695 (Ala.Cr.App.1990), the inmate was assigned to the Elba Community Facility in Coffee County. He escaped from a state work release project in Covington County. Relying on the concept of extended legal custody set out in Alexander v. State, 475 So.2d 625 (Ala.Cr.App.1984), reversed on other grounds, 475 So.2d 628 (Ala.1985), this Court held that while the appellant was on work release in Covington County he was still “in custody” and therefore venue was proper in Covington County. Moncrief, 565 So.2d at 696. However, this Court did not hold that venue did not lie in Coffee County.
*609 In Oliver v. State, 466 So.2d 159 (Ala.Cr.App.1984), the inmate was granted a 12-hour pass from the Morgan County jail. When the pass expired, the inmate was physically present in Lawrence County. Relying on Alexander, supra, this Court held that the proper venue was in Morgan County regardless of the inmate’s actual location when the pass expired.
In Alexander, 475 So.2d at 627, this Court held that the failure of a work release inmate to return from his place of employment to his place of confinement constitutes escape from custody within the meaning of the escape statute.
Ala.Code 1975, § 15-2-6, provides: “When an offense is committed partly in one county and partly in another or the acts or effects thereof constituting or requisite to the consummation of the offense occur in two or more counties, venue is in either county.” In our opinion, this statute covers the present situation. Therefore, we hold that venue is proper in either county where a state inmate is assigned to a work release center in one county and the inmate, without authorization, leaves the actual job site which is located in another county or the inmate fails to return to the work release center.
In this case, venue was proper in Montgomery County. The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.