The State of Alabama appeals from the trial court's order dismissing the indictment against Alvin Leroy Wright, Jr. The indictment charged Wright with first-degree escape, a violation of § 13A-10-31, Ala. Code 1975.
Wright previously had been convicted of unlawful possession of a controlled substance, a felony. As a result of that conviction, Wright was sentenced to take part in the Montgomery County Community Corrections Program[1] and was ordered to comply with all terms and conditions established by that program. Wright reported to the program as required, and a program official asked Wright to wait to speak with him. Despite the request, Wright left the program's offices without notifying anyone. He told the trial court that he left because he had to go to work; however, afterward, Wright also failed to "maintain communications" with the case manager assigned to him. (C. 30.)
On November 4, 2005, the Montgomery County grand jury indicted Wright for first-degree escape for escaping or attempting *Page 1054 
to escape custody imposed as a result of his felony conviction. On August 21, 2006, Wright appeared before the Montgomery Circuit Court to enter a guilty plea to the escape charge. In responding to questions from the court, Wright said that he "ain't had no intention of escaping." (R. 4.) Wright explained to the court that he initially reported to the community corrections program.
 "I came in, I paid my money and I went down and paid my money to Mr. Tate. And he took me in the back and gave me a drug test and I passed it. And came out and he asked me to sit down for a minute. I sat down, and he had me out there for a minute or two. So I told my baby's mom I like I got to get on back to work. Because I was already late. He was supposed to be about 6:30 and it was about 8:30. So I said you just stay right here and get my next court date. I mean my next date to report. And he charged me with escape."
(R. 6.) Wright acknowledged that he did not wait as he had been instructed.
Wright's attorney then reminded the court that he had filed a motion to dismiss the indictment on the ground that the terms "escape," "custody" and "detention" were vague and ambiguous. The court said that it was clear that, even though Wright was participating in the community corrections program, he was still in the custody of the Department of Corrections. The court denied the motion to dismiss the indictment. The court also determined that, based upon Wright's responses and his demeanor, Wright did not want to plead guilty and refused to accept the guilty plea. The case was set for trial.
Three days after the plea hearing, Wright again appeared before the Montgomery Circuit Court. At that time, the court noted that § 15-18-170 et seq., Ala. Code 1975, the statute authorizing the community corrections program, provided:
 "The willful failure of an inmate to remain within the extended limits of his or her confinement or to return to the place of confinement within the time prescribed shall be deemed an escape from a state penal institution in the case of a state inmate and an escape from the custody of the sheriff in the case of a county inmate and shall be punishable accordingly."
§ 15-18-175(d)(3)e., Ala. Code 1975. Based upon the language of that provision, the court dismissed the indictment. In an attempt to clarify its rationale for ordering the dismissal, the court stated that "[b]ecause the statute says, `shall be an escape from a penal institution' is the charge that under the known section is in violation of the statute." (R. 7.) The court again stressed that § 15-18-175(d)(3)e. provides that an inmate's failure to remain within the limits of his confinement "shall be" deemed an escape from a penal institution.
The State appealed from the trial court's judgment dismissing the indictment. Other than the notation in the case-action summary indicating that the indictment was dismissed, there is no written judgment of dismissal in the record. From the statements the court made in dismissing the indictment against Wright, however, it appears that the basis for the, dismissal was the court's belief that Wright should have been indicted for second-degree escape rather than first-degree escape.
As mentioned, Wright was charged with escape in the first degree because, the State alleged, he had "escaped or attempted to escape from custody imposed pursuant to that conviction," and the conviction for which he was in custody was a felony. § 13A-10-31(a)(2). Second-degree escape does not include the element of being in custody for a felony conviction. "A person commits the crime of escape in the second degree if he escapes or attempts to escape from a penal facility." § 13A-10-32(a). *Page 1055 
Apparently, the trial court was of the opinion that because the statute authorizing the community corrections program provides that a state inmate's failure to remain within the limits of his confinement shall be deemed an escape from a state penal institution, then escape in the second-degree is the only appropriate charge for someone who improperly leaves the program.
In an analogous circumstance, the Alabama Supreme Court has previously held that an inmate who improperly leaves the custody of the Supervised Intensive Restitution ("SIR") program, which is similar to the community corrections program, can properly be charged with and convicted of first-degree escape. Ex parteJones, 530 So.2d 877 (Ala. 1988). Like the statute authorizing the community corrections program, the statute authorizing the SIR program provides that an inmate's failure to remain within his confines is deemed an escape from a "penal facility." Specifically, the SIR statute provides as follows:
 "The willful failure of an inmate to remain within the extended limits of the inmate's confinement, or to willfully return within the time prescribed to the place of confinement designated by the commissioner or his agent, shall be deemed as an escape from the custody of a penal facility and shall be punishable as prescribed by law."
§ 15-18-121, Ala. Code 1975.
In reaching its holding in Jones, the Supreme Court agreed with this Court's explanation that earlier cases did not stand for the proposition that an inmate who escapes while on the SIR program by failing to return to his residence can be guilty only of second-degree escape to the exclusion of any other escape offense. "`On the contrary, escape in the third degree is a "catch-all" statute and is applicable toall escapes. Abernathy v. State, 462 So.2d 960
(Ala.Crim.App. 1984). In appropriate cases, escape from the SIR program can be escape in the first degree.'" Ex parteJones, 530 So.2d at 879, quoting Grantham v.State, 540 So.2d 775 (Ala.Crim.App.1987.)
The Alabama Supreme Court agreed with this Court's interpretation of § 15-18-121, Ala. Code 1975, under which an escape from the SIR program could constitute first-degree escape,
 "because the language of that statute — `shall be deemed as an escape from the custody of a penal facility' — does not track verbatim the language of § 13A-10-32. Had the legislature intended an escape from the SIR program to constitute only escape in the second degree, it would have been simple for it to say so. Instead, it provided that such an escape would be deemed to be `an escape from the custody of a penal facility.' We think this language was more likely incorporated so that an inmate's `custody' could not and would not be construed to be similar to some type of probation or parole, as once was the interpretation with regard to work release programs. See Grimes v. State, 402 So.2d 1094 (Ala.Crim.App. 1981); Eady v. State, 369 So.2d 841 (Ala.Crim.App.), cert. denied, 369 So.2d 843 (Ala. 1979). Once both Grimes and Eady were overruled by Alexander [v. State, 475 So.2d 625
(Ala.Crim.App. 1984)] it became unnecessary to define the type of custody from which an inmate on the SIR program could escape. Therefore, we hold that an inmate who escapes from the SIR program can be charged with escape in the first degree, second degree, or third degree under either § 13A-10-33, -32, or -31, depending upon the facts of his case."
Ex parte Jones, 530 So.2d at 879.
That rationale applies equally to the language in § 15-18-175(d)(3)e. That is to say, in deeming an inmate's failure to remain *Page 1056 
within the extended limits of his confinement under the community corrections program an escape from a state penal institution, the statute defines the inmate's status for purposes of invoking the escape offenses set forth in Alabama's Criminal Code. In other words, if a person fails to remain within the extended limits of his confinement as those limits are defined by the community corrections program, then his status is that of an inmate who has escaped from a state penal institution or from the custody of the county sheriff, depending upon the underlying conviction.
Just as a "traditional" inmate (that is, an inmate incarcerated within prison walls) who escapes from a penal institution can be charged with first-degree escape if he uses physical force, threat of physical force, or a deadly weapon or instrument in escaping, § 13A-10-31(a)(1), or if he escapes after having been convicted of a felony, § 13A-10-31(a)(2), an inmate in the community corrections program who fails to stay within the parameters of the dictates of the program can also be charged with first-degree escape if, in escaping, he uses physical force, the threat of physical force, or a deadly weapon or instrument, or if he was in custody because of a felony conviction. Accordingly, an inmate who escapes from a community corrections program can, under the appropriate circumstances, properly be. charged with and convicted of first-degree escape.
Because an inmate taking part in the community corrections program can be charged with first-degree escape under the appropriate circumstances, the trial court improperly dismissed the indictment against Wright. In reaching this determination, however, we do not express an opinion as to the efficacy of the first-degree escape charge against Wright. That determination is to be left to a jury or other finder of fact.
For the reasons set forth above, the judgment of the trial court is reversed and this cause is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
BASCHAB, P.J., and McMILLAN, SHAW, and WISE, JJ., concur.
[1] Section 15-18-170 et seq., Ala. Code 1975, known as the Alabama Community Punishment and Corrections Act, authorizes counties to establish community corrections programs as an alternative to incarceration. *Page 1057